ROBERT B. GRUELL, d. b. a.. *vs.* JOHN F. CLARK, p. b. r.

*Appeal—Justice of Peace ; Jurisdiction of—Contract ; Breach of—*
*Damages ; Nominal—Non-delivery of Property—Auction—*
*Terms of Sale—Statute ; Construction of.*

1. Where personal property is put up for sale at public auction and knocked off to the highest bidder, the purchaser, upon complying with the terms of sale, is entitled to have such property delivered to him, under the implied contract on the part of the vendor to make such delivery. It is a breach of such implied contract for the vendor to refuse to make such delivery. For such breach the purchaser may sue and recover whatever damages he may have sustained thereby.

2. Where a breach of contract on the part of the defendant is proved to the satisfaction of the jury, and there is no evidence that the plaintiff has sustained actual damages, the plaintiff is entitled to recover nominal damages only ; but the measure of damages for the non-delivery of goods sold is the difference between the contract price and the value of the goods at the time the defendant was bound to deliver them.

3. An action for the non-delivery of personal property, although sounding in

damages, purely, is within the jurisdiction of Justices of the Peace, upon a reasonable construction of *Section 1, Chapter 90, Revised Code, page 740.*

4. Where, at a public auction, the terms of sale are that "All sums of ten dollars and under, cash on day of sale; on sums over that amount, a credit of eleven months will be given on notes, bearing interest with approved security," the option is with the purchaser either to pay in cash the amount due or to take the credit.

5. If the purchaser at such sale offers to settle in pursuance of the terms of sale, and the seller, or his agent, refuses to permit him so to do, and refuses to deliver the property purchased, such refusal will constitute a breach of contract on the part of the defendant.

*(May 6, 1903.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Henry Ridgely, Jr.,* for plaintiff below, respondent.

*Richard R. Kenney* and *Arley B. Magee* for defendant below, appellant.

Superior Court, Kent County, April Term, 1903.

APPEAL (No. 5, April Term, 1902).

LORE, C. J., charging the jury:

Gentlemen of the jury:—John F. Clark, the plaintiff, claims that on the fifth day of October, 1901, he bid upon a brown horse belonging to John B. Gruell, the defendant, which was put up for sale by the defendant at public auction; that the horse was knocked off to him by the auctioneer at the highest bid, $20.75; that thereupon he tendered in lawful money the amount due for the horse to the defendant; who refused to accept the same in payment and to deliver the horse in pursuance of the sale. The plaintiff has brought this suit to recover damages for such non-delivery.

Where personal property is put up for sale at public auction and knocked off to the highest bidder, the purchaser, upon complying with the terms of the sale, is entitled to have such property

delivered to him, under the implied contract on the part of the vendor to make such delivery. It is a breach of such implied contract for the vendor to refuse to make such delivery. For such breach the purchaser may sue and recover whatever damages he may have sustained thereupon.

The refusal on the part of the vendor to deliver to the purchaser the property bought at auction, upon the tender of the price at which it was knocked off, according to the terms of the sale, will constitute a breach of such implied contract.

Where a breach of contract on the part of defendant is proved to the satisfaction of the jury, and there is no evidence that the plaintiff has sustained actual damages from such breach of contract, the plaintiff is entitled to recover nominal damages only; but the measure of damages for the non-delivery of goods sold is the difference between the contract price and the value of the goods at the time the defendant was bound to deliver them.

The defendant contends that as this action sounds in damages, being for the non-delivery of the horse, that it was not within the jurisdiction of a Justice of the Peace, where the case originated, and that therefore no recovery can be had in this Court.

*Section 1, Chapter 90, Revised Code, 740,* expressly confers upon Justices of the Peace jurisdiction in all causes of action arising from express or implied contracts for " delivery of produce, chattels, goods, wares or merchandise."

We think that this case, although sounding in damages, purely, is within the jurisdiction of Justices of the Peace, upon a reasonable construction of the language of the foregoing statute, and in principle has been so held by our courts in the following cases: *Barr vs. Logan, 5 Harr., 52 ; Cannon vs. Matthews, 3 Houst., 97,* and *Spahn vs. Willman, 1 Pennewill, 125.*

The terms of the sale were as follows: " All sums of ten dollars and under, cash on day of sale; on sums over that amount, a credit of eleven months will be given on notes bearing interest with

approved security, and payable at the Farmers National Bank of Dover, Del."

The defendant claims that, even if the plaintiff did tender to the defendant in lawful money the amount of the purchase money, he is not entitled to recover, because, the amount being over ten dollars, the tender to have been good should have been in a note payable at eleven months bearing interest.

We think the option was with the purchaser either to pay in cash the amount due or to take a credit of eleven months.

If you are satisfied from the evidence that the plaintiff offered to settle for the horse, in pursuance of the terms of sale, and that the defendant or his agent refused to permit him to do so, and refused to deliver the horse, this would constitute a breach of the contract on the part of the defendant.

It is for you to say from the evidence before you whether there has been any breach of contract in this case; and, if so, what damages the plaintiff has sustained therefrom.

The jury disagreed.