JOHN M. JOHNSON, d. b., *vs.* THE STATE of DELAWARE, p. b.

*Justice of the Peace—Validity of a Judgment—Record not Signed by the Justice—Certiorari—Charge of Wilfully Committing Trespass—What Record of Justice Must Show.*

1. Within his statutory jurisdiction the authority of a Justice of the Peace is just as complete, for all purposes of hearing such cases, determining or deciding them, and making up his record, as is the authority of this Court. While the better practice would be for the Justice to sign his record, yet it is not essential to the validity of a judgment rendered by him that he should sign it, in the absence of a statutory provision requiring his signature. While our statute sets out what is essential to constitute a valid docket entry, it is silent upon the matter of signing it.

2. If the record of the Justice fails to show that the defendant was charged with having *wilfully* committed the tresspass, the judgment will be reversed upon exceptions filed. The case of *Vandever vs. State*, 1 *Marv.* 209, approved and followed.

*(September. 25, 1907.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting

*Martin B. Burris* for plaintiff in error.

*Franklin Brockson* for defendant in error.

Superior Court, New Castle County, September Term, 1907.

CERTIORARI (No. 43, May Term, 1907) to Israel A. Harmon, J. P., in custody of the dockets of Thomas Bratton, late J. P.

*Brockson* for the defendant in error, moved that the certiorari be dismissed on the ground that no final judgment was rendered below, in that the Justice, Thomas Bratton, neglected to sign the proceedings purporting to be a judgment.

The judgment of a Justice of the Peace should be signed.

2 *Bouv. Law Dict.*, 523; 1 *Tidd's Practice*, 568; 18 *Ency. P 1. & Pr.*, 440; 1 *Woolley On Del. Practice, Sec.* 770; *Stevens on Pleading*, 196; *Vaughn vs. Marshall*, 1 *Houst.* 348.

A Judge's signature to a memorandum is not a sufficient signing.

*Knapp vs. Roche*, 82 *N. Y.* 336 (368); 1 *Tidd's Practice*, 556; 11 *Ency. P 1. & Pr.*, 926 and 928.

*Burris* for plaintiff in error, admitted that unless a final judgment was rendered below, a writ of error will not lie, but stated that there was a long distance between an invalid judgment and no judgment at all. Every certiorari goes to the validity of the judgment. Therefore the question arising on the motion to dismiss is not whether the judgment below is invalid for want of the Justice's signature, or for any other cause, but

rather whether the record sent up shows that a final judgment was rendered below.

He distinguished the case of *Vaughn vs. Marshall,* cited by the defendant in error, from the case at bar; stating that in the former case a *scire facias* had been issued to revive a judgment more than three years old, and proceedings thereon were still pending and no final judgment rendered at the time of taking the writ of error. While in the case at bar judgment had been rendered and entered, though not signed. The record here shows that the Justice, after rendering his judgment, undertook to put it in force, requiring the defendant below to enter into a recognizance with approved surety to keep the peace and not trespass for a year. This recognizance the record shows was signed by the Justice, Thomas Bratton. It is a part of the whole record now before the Court, and, we insist, it harks back to the judgment upon which it is based. It would require a wide stretch of imagination indeed for a Court to hold that there is no record of any sort of a judgment whatever, when, at the same time, the record presented discloses a judgment rendered in open Court upon which a subsequent order was issued by the Justice in the matter of the recognizance which he signed.

*Cal. Southern R. R. Co. vs. So. Pac. R. R. Co.,* 67 *Cal.* 59 (63); *Spear vs. Hill,* 2 *Marv.* 150.

The *Revised Code* at page 751 prescribes what shall constitute the court roll of the Justice of the Peace, but makes no provisions requiring him to sign his judgments.

Justices of the Peace may issue all writs, warrants and process proper to carry into effect the powers granted to them; and when no form is prescribed by statute, they shall frame one in conformity with the law, in substance, and when substantially right, such process shall not be invalid for any defect in form.

*Rev. Code,* 731.

When the statute prescribes what shall constitute the court roll, and does not expressly provide that the judgment shall

be signed, the want of the signature of the Judge or clerk will not invalidate the judgment.

*Goelet vs. Spofford,* 55 *N. Y.* 648.

A judgment rendered in open Court is not invalid for want of the signature of the Judge or clerk upon the docket entry.

(Numerous cases were cited in support of the above proposition).

-The term "signing judgment", in English practice, has reference to judgments in vacation, and not to judgments rendered in open Court.

2 *Bouv. Law Dict.,* 641.

A Justice's court is a court of record.

*Cloud vs. State,* 2 *Harr.* 361.

And in *Caldwell vs. Hodgson's Administrators,* Note A, the Court said: "The court of a Justice of the Peace is a court of superior jurisdiction."

The judgment now in question was rendered in open Court, and the Courts of this county and elsewhere have almost universally held that the solemn decree of a Court of record thus rendered could not be avoided by the mere clerical error, or omission of the clerk or Judge to perform a mere subsequent ministerial act. I find no cases to the contrary, except where the statute made it mandatory that the Judge should sign; and even then, the Courts have held that a mandamus will lie to compel the performance of the duty where omitted or neglected.

LORE, C. J.:—When this matter was first presented and argued before the Court, we were inclined to grant the motion made by Mr. Brockson. We must bear in mind that this was a judgment rendered by a Justice of the Peace in open Court. Within his statutory jurisdiction his authority is just as complete, for all purposes of hearing such cases, determining or deciding them, and making up his record, as is the authority of this Court. While we think the better practice would be for a Justice to sign his record, as that would be one way of testing its completion, yet the authorities seem to be decidedly the other way—that

it is not essential to the validity of a judgment rendered by a Justice of the Peace that he should sign it, in the absence of a statutory provision, requiring his signature. We find a great many states have statutes governing the matter.

Again, you will notice that our statute sets out just what is essential to constitute a valid docket entry, and it is absolutely silent upon the matter of signing it.

After a full consideration of the whole question, we think the signature of the Justice to the judgment is not absolutely essential, and is not a ground for the dismissal of the certiorari. We therefore decline to dismiss the certiorari. ·

(The Court thereupon heard argument upon the exceptions filed which went to the point, that the record did not show that the defendant below was charged with having *wilfully* committed a trespass—*Rev. Code*, 939. Counsel for exceptants cited *Vandever vs. State*, 1 *Marv.* 209).

LORE, C. J.:—The exception is fatal, and the judgment below is reversed on the authority of *Vandever vs. State*, 1 *Marv.* 209.

Judgment below reversed.