THOMAS PETRUCCI, Plaintiff, v. GEORGE K. LANDON, JR., Defendant.

492

(*July* 27, 1954.)

HERRMANN, J., sitting.

*Albert L. Simon* and *Stephen E. Hamilton, Jr.*, for the plaintiff.

*William H. Bennethum* and *Ernest S. Wilson, Jr.*, (both of Morford, Bennethum and Marvel) for the defendant.

Superior Court for New Castle County, No. 200, Civil Action, 1953.

HERRMANN, J.:

The complaint alleges that the plaintiff sustained personal injuries and property damage as the result of a motor vehicle collision caused by the negligence of the defendant. In his answer to the complaint, the defendant raises the affirmative defense of *res judicata*. The plaintiff moves to strike that defense on the ground that it is not a sufficient defense under the circumstances of this case. See *Civil Rule* 12(f), *Del. C. Ann.*

The complaint in this action was filed on February 24, 1953 and service of summons was made upon the defendant on March

5, 1953. On March 3, 1953, two days before receiving service of summons in this action, the defendant herein brought suit against the plaintiff herein before a Justice of the Peace for property damage arising from the same accident which forms the basis of this action. Summons was issued by the Justice of the Peace on March 4, 1953 and service was made upon the plaintiff herein on March 9, 1953. On May 5, 1953, the defendant herein filed his answer in this case and on May 7, 1953, he appeared before the Justice of the Peace and took judgment by default for failure of the plaintiff herein to appear. On May 25, 1953, the defendant herein filed an amended answer asserting the defense of *res judicata* upon the basis of the default judgment. No appeal has been taken from the judgment of the Justice of the Peace.

The plaintiff first asserts that Civil Rule 13(a)[1] makes the defense of *res judicata* unavailable to the defendant because the Rule required the defendant to assert his claim by counterclaim in this action. The plaintiff contends that, by his failure to do so, the defendant waived his right to relief and that he may not now base a defense of *res judicata* upon the judgment of the Justice of the Peace.

In making this contention, the plaintiff disregards the fact that there is a final judgment of a court of competent jurisdiction which may not be ignored. Nothing in Civil Rule 13(a) changes the duty of this Court to give full recognition to the judgment of the Justice of the Peace. If the plaintiff wished to attack that judgment, he should have done so in such manner as to afford to this Court the means of reversing or vacating it. Civil Rule 13(a) is not the means to that end.

---

[1] Civil Rule 13(a) provides as follows:

"(a). Compulsory Counterclaims. A pleading shall state as a counterclaim any claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

Since we may not shut our eyes and pretend that the judgment of the Justice of the Peace is not there, as the plaintiff would like to do, there remains the question of the effect of that judgment upon the issues of negligence in this case. Consideration of that question revolves about two factors: (1) The judgment of the Justice of the Peace was a default judgment; and (2) this action is a different cause of action than that which was before the Justice of the Peace.

Since different causes of action are involved, we are dealing here with that refinement of the doctrine of *res judicata* known as collateral estoppel by judgment. The precise question is whether the plaintiff herein may now litigate in this action the issues of the negligence of the parties or whether the judgment of the Justice of the Peace is conclusive as to those issues so that the plaintiff is estopped and precluded from relitigating them.

■■ The applicable rule appears at *Restatement of Judgments* § 68 as follows:

"(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action,

  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"(2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action."

In Comment f. of the *Restatement,* at p. 302, the authors state:

"f. *Failure to deny plaintiff's allegations.* If in the original action the defendant fails to deny a material allegation contained in the plaintiff's complaint, he thereby admits the truth of the allegation for the purposes of that action, and if judgment is given for the plaintiff the defendant cannot attack it by showing that the plaintiff's allegation was not true. But in a subsequent

action based on a different cause of action he is not precluded from denying the truth of the allegations of the plaintiff's complaint in the original cause of action. This is true where the defendant denies only one of several allegations, or where he interposes only an affirmative defense, or where he demurs to the complaint, or where he permits judgment to be given against him by default. In each of these cases, it is true, his failure to deny an allegation in the complaint admits the allegation; but this admission is only for the purposes of the action. It is not conclusive against the defendant in another action based upon a different cause of action.

"Where an action is brought against the defendant and although he is duly served with process he fails to appear or answer, and judgment by default is rendered against him, the judgment is conclusive as to the cause of action upon which the action was based. But in a subsequent suit based upon a different cause of action the judgment is not conclusive as to the truth of the allegations in the plaintiff's complaint. * * *."

And in Comment i. of the *Restatement* at p. 304, it is stated:

"i. *Judgment by confession.* Where no issues are litigated between the parties, but the defendant confesses judgment, the judgment is not binding on the parties in subsequent actions based on a different cause of action. This is true whether the defendant confessed judgment after the action was brought or gave power of attorney to confess judgment before the action was brought."

In his important and widely-quoted discussion of *"Collateral Estoppel by Judgment"*, 56 *Harv. L. Rev.* 1, 27, Professor A. W. Scott concludes:

"* * *. If there is a collision between automobiles owned and operated by A and B respectively, and A sues B for damages alleging that the accident was due to B's negligence, and judgment is given for A by default, the judgment has no effect on B's right to sue A for damages, except in jurisdictions mak-

ing counterclaims compulsory. On the other hand, if B interposes a defense which is litigated and determined by the judgment, the judgment is as to the matter litigated conclusive in an action brought by B against A. * * *."[2]

■ The statements of these persuasive authorities lead to the conclusion that, since the judgment of the Justice of the Peace was a default judgment, the issues of the negligences of the parties were not actually litigated and determined in the prior action and, therefore, the prior judgment is not conclusive and binding upon the parties as to those issues in this, a different cause of action.

The defendant argues that the principles endorsed by the *Restatement* are contrary to the views expressed by this Court in *Hannigan v. Italo Petroleum Corporation of America*, 7 *W. W. Harr.* 227, 181 *A.* 660, 663. That contention is without merit because, in the *Hannigan* case, the prior proceeding was not based upon a different claim.

In the *Hannigan* case, the Court simply acknowledged the general rule that a default judgment is conclusive and binding upon the parties in a subsequent action between them based upon the same claim or demand. See 50 *C. J. S., Judgments,* § 706; *Annotation* 128 *A. L. R.* 472, *et seq.* The Court was not there considering the effect of a default judgment in a subsequent action between the parties based upon a different claim or demand.

It is realized that the rule here adopted may give rise to inconsistent judgments. The defendant has a judgment against the plaintiff based upon the latter's negligence. This suit may result in a judgment in favor of the plaintiff based upon the defendant's negligence. The possibility of such irrational and inconsistent judgments is undesirable but it is the lesser of two

---

[2]The plaintiff herein could not present his claim as a counterclaim in the action before the Justice of the Peace because a Justice of the Peace has no jurisdiction in actions for personal injuries nor in actions on claims in excess of $500. See 10 *Del. C.* § 9303.

evils. Any other conclusion would permit the defendant herein to defeat the jurisdiction of this Court and to deprive the plaintiff of trial of his claim before a jury and in a court competent to grant the relief he seeks. If the plaintiff had appeared in the action before the Justice of the Peace and if he had unsuccessfully engaged there in a trial of the negligence issues, he would have been estopped from relitigating those issues in this case. *Jones v. Charles Warner Co.*, 2 *Boyce* 566, 83 *A.* 131. To hold that such estoppel arises in any event, whether or not the issues were actually tried, would be to unduly extend the "judge-made rule" of *res judicata* to the point of blurring the line that divides the functions and powers of this Court and those of the courts of the justices of the peace. See dissenting *Opinion of Rutledge, J.* in *Geracy v. Hoover*, 77 *U. S. App. D. C.* 55, 133 *F.* 2d 25, 147 *A. L. R.* 185; *Scott, "Collateral Estoppel by Judgment"*, 56 *Harv. L. Rev.* 1, 18.

It is held that the plaintiff is not estopped from litigating the issues of the negligences of the parties and that, therefore, the defense of *res judicata* is not available to the defendant in this case. Accordingly, that defense will be stricken from the answer.