SALVATORE MICHAEL LEONCAVALLO, Plaintiff below, appellant, v. HAROLD D. EVANS, Defendant below, appellee.

(*November* 9, 1954.)

LAYTON, J., sitting.

*Stephen E. Hamilton, Jr.,* for Plaintiff below.

*Donald W. Booker* for Defendant below.

Superior Court for New Castle County, No. 449, Civil Action, 1954.

LAYTON, J.:

The facts constituting the Evans counterclaim are the same as those forming the subject matter of his suit against Leoncavallo in the Court below. The parties are the same. The matter is *res adjudicata. Jones v. Charles Warner Co.*, 2 *Boyce* 566, 83 *A.* 131. Rule 13, of course, permits the filing of a counterclaim but the subject matter of this counterclaim has been litigated and he is barred from asserting it.

Evans complains that to sustain the Leoncavallo motion would encourage the disposition of litigation by technicality rather than on the merits. There are two answers to this point of view. First, the two suits here involved constituted separated actions in the lower Court. Evans could have appealed but failed to do so. He should not now be permitted to relitigate his cause under the guise of a counterclaim. Secondly, the doctrine of *res adjudicata* is based more upon a public policy that there be an end to litigation than on the rights or benefits of the parties involved. *Coca-Cola Co. v. Pepsi-Cola Co.*, 6 *W. W. Harr.* 124, 172 *A.* 260. Thus, the plea of personal hardship inherent in Evans' argument cannot command the weight to which it might be entitled under other circumstances.

The motion to strike is granted.