Frederick D. SARKIS, Plaintiff,

v.

HARSCO CORPORATION, a Delaware Corporation, et al., Defendants.

Superior Court of Delaware, New Castle.

Jan. 17, 1975.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, and Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., of counsel, for plaintiff.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, for defendants.

TAYLOR, Judge.

On November 21, 1974, defendants made a formal offer of judgment pursuant to Rule 68 of the Civil Rules of this Court, Del.C.Ann., "to allow judgment to be taken against them with respect to plaintiff's complaint, in the amount of $35,000, together with costs accrued to date". Within the time prescribed by the Rules, plaintiff accepted the offer of judgment. The issue for decision is the effect of these actions on the counterclaim filed by defendants against plaintiff; i. e., whether the judgment under Rule 68 creates res judicata or collateral estoppel barring the counterclaim.

The complaint was for the value of legal services rendered by plaintiff pursuant to contractual arrangement with defendant Harsco Corporation [Harsco] in connection with a contract between Harsco and the Government of Iran. Harsco's defense to the complaint included an affirmative defense that plaintiff had forfeited a right to legal fees by virtue of his activities contrary to the interests of Harsco. In addition, Harsco asserted a counterclaim against plaintiff for damages which resulted to Harsco from an illegal scheme and conspiracy involving plaintiff, Nasser G. Afshar [Afshar] and others to obtain monies from Harsco to which they were not entitled by virtue of the contract between Harsco and the Government of Iran.

Harsco cites Petrucci v. Landon, Del. Super., 107 A.2d 236 (1954), in which this Court held that default judgment given in an action brought in a Justice of the Peace Court did not bar litigation of the issues of negligence in an action in this Court brought by the defendant in the Justice of the Peace action for other damages other than those involved in the Justice of the Peace Court. In *Petrucci,* two elements were emphasized. First that judgment was entered because of default of a party to appear and defend; and second, that the default judgment which was there relied upon was given in a Justice of the Peace Court and was sought to be used as a bar to an action in this Court. Neither of those issues is present here. This case involves the entry of judgment pursuant to Harsco's offer of judgment under Rule 68 and its effect as res judicata or collateral estoppel to bar Harsco from pursuing the counterclaim. As thus defined, it is not answered by *Petrucci.*

In Epstein v. Chatham Park, Inc., Del. Super., 153 A.2d 180 (1959), this Court held that a default judgment given against parties in another state prevented the litigating of the same claim (although in a somewhat different form) in this Court. In E. B. R. Corporation v. PSL Air Lease Corporation, Del.Supr., 313 A.2d 893 (1973), the Delaware Supreme Court held that a participant in a proceeding in Federal Court was bound by the judgment of the Federal Court as to issues in which he participated even though he withdrew with Court permission prior·to the final judgment. In Singer v. Creole Petroleum Corporation, Del.Supr., 311 A.2d 859 (1973), the Delaware Supreme Court considered the effect of a prior judicially approved settlement upon claims made in the *Singer* action and held that the prior judgment did not bar the claims which were not covered by the terms of the settlement.

It must be recognized that there are certain distinguishing qualities between default judgment and judgment by consent. In the former, the judgment is the product

of the processes of the Court reached without the normal adversary and adjudicative processes and without the affirmative participation of one of the parties. In the latter, the judgment is the result of agreement of the parties, also without adjudication. Because of this distinction, it is necessary to focus on the principles which have been applied to judgment by consent. Section 68 of the Restatement of Judgments[1] states: "(2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action[2] as to questions of fact not actually litigated and determined in the first action."[3] Comment i. under that section states:

> "*Judgment by Confession.* Where no issues are litigated between the parties, but the defendant confesses judgment, the judgment is not binding on the parties in subsequent actions based on a different cause of action. This is true whether the defendant confessed judgment after the action was brought or gave a power of attorney to confessed judgment before the action was brought."

Comment h. under that section recognizes that in the case of a stipulation during litigation, the effect of the stipulation on the litigation must be determined from an interpretation of the stipulation.

█ Consent to the entry of a judgment in a specified amount for plaintiff may be properly viewed as a concession by the opposing party that plaintiff had a valid cause of action for the amount for which judgment was consented. In this instance, defendants' offer of judgment, when accepted, disposed of the question of whether plaintiff had rendered services for defendants and established that the agreed

value was $35,000. Applying the test described above, I conclude that the counterclaim asserted here is not the same cause of action as that asserted in the complaint. Moreover, the affirmative defense does not appear to involve the services which plaintiff rendered to defendant but, rather, involves conspiratorial activities outside of the services for which plaintiff sued. Although the consent judgment is inconsistent with the assertion of the affirmative defense, this could be the result of either a concession that the affirmative defense was without merit or a withdrawal of that defense. Cf. Restatement of Judgments, Section 68, comment f., p. 303. The pleadings should be considered in determining the effect of the consent judgment, but they are not controlling where the effect would be to ignore or negate the intent of the agreement upon which the judgment is founded.

█ The general rule is that the scope of an estoppel created by a consent judgment is governed by the intention of the parties as gathered from all the circumstances and, in particular, from the terms of the agreement upon which the judgment is based. 2 A.L.R.2d 544; 47 Am.Jur.2d, Judgments § 1092, p. 149. A penetrating analysis of the subject of the effect of consent judgment as collateral estoppel is found in 108 University of Pennsylvania Law Review, pp. 173–193. The conclusion of Professor Fleming James, author of the article is as follows:

> "Where the agreement upon which a consent judgment is based is fairly to be construed as providing that the parties should be bound collaterally upon a certain point, that agreement will and should generally be given effect. An in-

1. *Petrucci* cites with approval the concepts of Restatement of Judgments, Section 68.

2. *Petrucci* inferentially concluded that a subsequent action brought by the party who was the defaulting defendant in the prior action was a different cause of action than that brought by the other party in the prior action,

even though both claims grew out of the same occurrence.

3. The availability of collateral estoppel or res judicata in instances of default judgment has been sharply criticized in a note in 70 Columbia Law Review 522–37.

tention to be bound in this way should not however be found unless the language or admissible evidence affirmatively points to it, and such an intention should not be inferred from the circumstance, taken alone, that the agreement or judgment contains a stipulation or recital of the fact's existence.

Where the parties to a consent judgment have not agreed to be thus bound, the rules pertaining to the effect of judgments do not require that they should be, and the relevant considerations of policy and expediency require that they should not be."

Professor James Moore, in discussing collateral estoppel states:

"We believe . . . that collateral estoppel in its usual connotation should not result from a consent judgment, because the requisite litigation and judicial determination of issues are not normally present. But, on the other hand, we believe that a preclusion ought to result from a judgment on an agreement, to the extent that the parties agree to be precluded." Moore's Federal Practice, Vol. 1B, ¶ 0.444 [3], pp. 4022–4023

It is noted that this is the test applied by the Supreme Court in *Singer*. In view of the philosophy stated and applied by the Delaware cases cited above, decisions from other jurisdictions founded upon a contrary point of view are not helpful.

■■ Defendants'[4] offer of judgment reads as follows:

"Pursuant to Rule 36 of the Rules of Civil Procedure, defendants hereby offer to allow judgment to be taken against them with respect to plaintiff's complaint, in the amount of $35,000.00, together with costs accrued to date. This offer of judgment is made for the purposes specified in Rule 68, and it is not to be construed either as an admission that defendants are liable in this action, or that the plaintiff is entitled to any relief.

Plaintiff unconditionally accepted this offer. Accordingly, the effect of the consent judgment must be determined from the language of the offer of judgment. Several matters contained therein are of significance. First, is the allowance of a judgment with respect to defendants "with respect to plaintiff's complaint". Second, the offer provided that it "is not to be construed either as an admission that defendants are liable in this action, or that plaintiff is entitled to any relief." Third, the offer of judgment makes no reference to the disposition of the affirmative defense or the counterclaim. It is clear, therefore, that the intent of the instrument of consent was that the judgment to be entered pursuant to the offer would have no peripheral effect and that its only purpose was to provide the conduit for creating a liability of $35,000 on defendants' part to plaintiff. This language overcomes any inference which might otherwise exist that the affirmative defense was being resolved favorably to plaintiff. Applying the policy expressed by the authorities discussed above, I conclude that Harsco is not barred from prosecuting its counterclaim.

Accordingly, plaintiff's motion for summary judgment on the counterclaim is denied.

It is so ordered.

---

4. The offer of judgment was by all defendants. The counterclaim was by Harsco alone.