Application of DELMARVA POWER & LIGHT COMPANY for changes in rates in accordance with § 151, Title 26, Delaware Code.

Superior Court of Delaware, New Castle.

April 17, 1975.

E. D. Griffenberg, Jr., of Potter, Anderson & Corroon, Wilmington, for Delmarva Power & Light Co.

William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for Public Service Comm.

BALICK, Judge.

This is the court's opinion on the appeal by Delmarva Power & Light Company from an order of the Public Service Commission on an application for an increase in gas rates. The Commission allowed about one third of the proposed increase. Delmarva raises three grounds in support of its appeal.

The Commission's statutory duty of fixing just and reasonable rates has been explained by the Supreme Court, Application of Wilm. Suburban Water Corp., Del. Supr., 8 Storey 494, 211 A.2d 602, 605 (1965), as follows:

> 26 Del.C. § 155, requires the Commission to fix "just and reasonable" rates to be charged by a public utility. The rates so fixed shall be such as to yield a fair return to the utility upon the present fair value of the property dedicated to public use. A fair return to the utility is defined as sufficient earnings to enable the utility to pay its operating expenses, to attract new capital for expansion purposes, and to pay a fair return to its stockholders.

The Commission determined that the fair value is $48 million and the fair rate of return 8.25 per cent. It then concluded, by analysis of the test year, that the allowed increase will give Delmarva an opportunity of achieving a fair return of $3,960,000.

The first ground of appeal is that the Commission erred in considering 1972 but ignoring 1973 and 1974 in determining whether the proposed rate increase is just and reasonable. The increase was put into effect under bond on June 1, 1973. The parties agreed on 1972 as a test year. The Commission nevertheless requires estimates of the future effect of an increase. Early in the proceedings Delmarva submitted estimates for 1973 and 1974. At the final hearing it submitted a revision of the earlier estimates based on the actual 1973 figures and the 1974 budget. It contends that this evidence shows that the proposed increase is needed to achieve the fair return determined by the Commission. The position of the Commission is that it was not bound to accept this evidence, which it did not have sufficient time to thoroughly investigate.

■ Rate fixing is prospective: the rates should be just and reasonable in the forseeable future as well as the present. Use of a test year for particular study is accepted practice. The test year, which is past experience, is evaluated as a basis for predicting the future. While the Commission has discretion in setting the test year, this does not mean that it may arbitrarily refuse to consider later available accurate information. Application of Diamond State Tel. Co., Del.Super., 9 Terry 317, 103 A.2d 304, 322 (1954); Application of Wilm. Suburban Water Corp., Del.Super., 8 Storey 8, 203 A.2d 817, 831, 838 (1964). Later information is especially important as a check on the continuing validity of the test year experience in a period of rapid change like the present. Ignoring later information increases the likelihood of frequent costly and unsettling rate proceedings.

■ The policy of prompt decisions in rate proceedings, 26 Del.C. § 157(b), is important, but must be balanced against the Commission's ultimate duty of fixing just and reasonable rates. The Commission itself scheduled hearings until the actual

1973 figures became available and were introduced into evidence. It has broad powers of inspection, 26 Del.C. § 125, and need not accept book entries without investigation. Application of Wilm. Suburban Water Corp., Del.Super., 8 Storey 8, 203 A.2d 817, 831 (1964). It had already investigated Delmarva's 1972 accounts and accepted the statement of earnings. It does not appear, and there is no reason to assume, that the method of calculating the 1973 figures is significantly different. It is thus unlikely that verification of the 1973 figures would take undue time or effort. It was error, under these circumstances, not to consider this evidence, and I must remand the case for that purpose, with leave to hold further hearings if necessary.

The second ground of appeal is that the Commission erred by giving insufficient weight to reproduction costs in determining that the fair value rate base is $48 million. The Commission found the original cost rate base to be $43,830,247, which is close to the book value claimed by Delmarva. Delmarva claims, based on the Handy-Whitman Index of Public Utility Construction Costs, that the reproduction cost of its property exceeds $80 million. It contends that the Commission, having previously accepted the Handy-Whitman Index, should be estopped from suddenly rejecting it and that this was arbitrary.

■ Many factors are considered in determining fair value. 26 Del.C. § 126. The Commission must give them proper weight based on the evidence presented in each case. Application of Diamond State Tel. Co., Del.Supr., 10 Terry 203, 113 A.2d 437, 440. It has never adopted a policy of uniformly assigning a particular weight to the Handy-Whitman Index. In the electric rate case in which it previously considered the Index, the Commission expressly indicated doubt about its validity. Application of Delmarva Power & Light Co., PSC Docket No. 602, p. 14 (1971). Moreover, fair notice that these doubts were still present was given early in these proceed-

ings by cross-examination of the witness who testified on the Index. The Commission must be free to learn by experience and to develop its view on various methods of valuation.

■ The Commission did not arbitrarily reject the Index, but rather offered a reasonable explanation for giving it little weight. Its opinion then says as follows:

> Recognizing the fact of inflation, and mindful of the requirement that consideration be given to cost of reproduction, we conclude, on the record made, that consideration of all factors described in 26 Del.C. § 126, in the manner required by the Supreme Court, indicates a fair value rate base of $48,000,000.

Even under the doctrine of broad judicial review, which seems to have prevailed over earlier opinions to the contrary, the Commission's valuation, which involves complex and difficult economic judgments, must be given considerable weight. Application of Diamond State Tel. Co., Del. Supr., 9 Terry 497, 107 A.2d 786 (1954), modified 10 Terry 203, 113 A.2d 437 (1954); Application of Wilm. Suburban Water Corp., Del.Supr., 8 Storey 494, 211 A.2d 602, 605 (1965). The Commission will nevertheless be reversed if its valuation is unreasonable in light of contrary evidence in the record. Application of Diamond State Tel. Co., Del.Supr., 10 Terry 203, 113 A.2d 437, 441. While Delmarva has not shown this, on remand the Commission should explain its conclusion more fully for the purpose of review, as required by statute. 26 Del.C. § 183(b).

The third ground of appeal is that the Commission erred in deducting a deficiency in the depreciation reserve from the fair value rate base. Delmarva does not dispute that there was a deficiency of $1,574,000 at the end of 1971. This determination is based on the report of consultants retained by Delmarva to review its depreciation reserve. Delmarva contends that this deduction penalizes it for adopt-

ing a policy of periodic review, which should be encouraged.

The Commission must consider evidence of depreciation in determining the fair value rate base. It was reasonable to deduct the deficiency from the rate base so that Delmarva will not earn a return on more than the fair value of its property. Application of Wilm. Suburban Water Corp., Del.Super., 8 Storey 8, 203 A.2d 817, 828 (1964). If the Commission concludes that a policy of periodic review of depreciation is desirable, it has other means of achieving it. 26 Del.C. § 130.

Remanded.