# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Charles A. Norris Jr. and<br>Mason A. Lowry, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No.: N25C-09-084 FJJ |
| v. | ) | |
| | ) | |
| The Reybold Group of Companies,<br>a Delaware corporation,<br>Jerome S. Heisler Jr., Henrietta Heisler<br>and Terri Allen, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 5, 2025
Decided: November 7, 2025

**OPINION AND ORDER**
*on Defendant's Motion to Dismiss*

**DENIED in part / GRANTED in part**

*Charles A. Norris, Jr. and Mason Lowry,* Bear, Delaware, *Pro-se Plaintiffs.*

*Jefffrey M. Weiner, Esquire,* Wilmington, Delaware, *Attorney for Defendants.*

**Jones, J.**

## FACTS

Plaintiffs have filed this instant personal injury and wrongful death action against a number of Defendants alleging that they were exposed to mold and various other toxic substances during their tenancy at 36 Paisley Road in the St. Andrews community in New Castle County. Plaintiffs claim that the Defendants were negligent and as a result of the negligence of the Defendants, Plaintiffs Charles A. Norris, Jr. ("Norris"), and Mason A Lowry ("MLowry) suffered injuries and that Tanya Lowry ("Lowry") died as a result of the Defendants' negligence. Plaintiffs are proceeding pro se. Defendants have moved to dismiss Plaintiffs' complaint on a number of grounds. This is the Court's decision on that motion.

## STANDARD OF REVIEW

When reviewing a Motion to Dismiss under Superior Court Rule 12(b)(6), the Court (1) accepts all well-plead factual allegations as true, (2) accepts even vague allegations as well-plead if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) only dismisses a case where the Plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[1] "Dismissal is warranted where the Plaintiff has failed to plead facts supporting an element of the claim, or that under

---

[1] *ET Aggregator, LLC v. PFJE AssetCo Holdings LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[2]

## ANALYSIS

Defendants first contend that Plaintiffs' claims are barred by the doctrines of res judicia and collateral estoppel due to proceedings that occurred in the Justice of the Peace Court between the parties.

On July 14, 2024 the Reybold Venture Group VIII THI-A ("Reybold") filed a Summary Proceeding for Possession Action against Norris in the Justice of Peace Court #13. On September 9, 2024 at a hearing in the Justice of the Peace Court it was determined that Norris wished to assert a counterclaim and the Court concluded that a written counterclaim needed to be filed. The Court issued an order requiring that the counterclaim be filed. On November 11, 2024 the Justice of the Peace Court held the hearing for possession at which time Norris advised the Court that he did not file a counterclaim because he was seeking remedies in other venues for greater sums but still defended the case based upon the mold in the rental unit.[3] On December 4, 2024 the Justice of the Peace Court entered judgment in favor of Reybold finding that the tenant had not paid the rent due. As to the mold issue as a defense the Court wrote in its decision that "The Court notes Defendants were

---

[2] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Aug. 20, 2004).
[3] MLowry and Lowry never appeared in any Justice of the Peace Court proceeding. At both hearings in the Justice of the Peace Court default was entered against these two individuals.

3

given a continuance to file a counterclaim. They opted not to and stated pretrial that they did not file one as they are pursuing other avenues for relief based on their allegations and complaints about the rental unit."

On December 11, 2024 Norris appealed. On January 13, 2025 a three-judge panel convened to consider Norris' appeal. On February 5, 2025 the three judge panel issued its decision finding in favor of the Plaintiff due to the Defendants failure to pay rent. As an initial matter the Court affirmed the judgment against Tanya Lowry and Mason Lowry on the grounds that they had not appeared either in the initial proceeding or before the three judge panel. Default judgment was entered against these two individuals. As to Charles Norris, who appeared, the three judge panel wrote "Mr. Norris advised the panel that the reason he had withheld the rent in full was because he believed he was being poisoned by Toxic mold found within the property. He intended to file a claim in a court with a higher monetary jurisdiction and accordingly was not seeking a counter-claim from the panel. Rather he advised he would present the mold issue as a defense and justification for his nonpayment of rent." After the landlord presented his case Norris attempted to introduce into evidence various expert reports regarding the mold. The panel disallowed the entry of the exhibits as hearsay and found in favor of the Plaintiff.

On this record Defendants move to dismiss the Plaintiffs claim on the grounds of collateral estoppel and res judicia.

> To invoke *res judicata*, the Defendant must establish five elements:
>
> (i) the original court had jurisdiction over the subject matter and the parties;
> (ii) the parties to the original action were the same as those parties, or in privity, in the case at bar;
> (iii) the original cause of action or the issues decided was the same as the case at bar;
> (iv) the issues in the prior action must have been decided adversely to the [claimant] in the case at bar; and
> (v) the decree in the prior action was a final decree.
> "*Res judicata* exists to provide a definite end to litigation ... and [to] promote judicial economy." It "serves to prevent a multiplicity of needless litigation" by barring an unsuccessful litigant from reasserting claims in a second lawsuit that "actually were decided" or "might have been raised" in a prior lawsuit involving the same parties. To that end, an unsuccessful litigant cannot avoid *res judicata* by "splitting" his claims. A previously-failed theory that has been restyled as a different cause of action but rests on the same underlying facts will be deemed—and barred—as one that could have been brought in the prior proceeding.[4]
>
> *   *   *
>
> Collateral estoppel applies when:
>
> (i) [t]he issue previously decided is identical with the one presented in the action in question[;]
> (ii) the prior action has been finally adjudicated on the merits[;]
> (iii) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication[;] and

---

[4] *Mikkilineni v. PayPal, Inc.,* No. CVN19C05123PRWCCLD, 2021 WL 2763903, at *7 (Del. Super. Ct. July 1, 2021).

(iv) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

"The doctrine of collateral estoppel 'precludes a party from relitigating a fact issue that has previously been litigated and decided in a prior action involving that party.' " It "is designed to provide repose and put a definite end to litigation." Like *res judicata*, another aim of issue preclusion is to prevent a civil litigant from obtaining a second opinion on its previously-unsuccessful theories by deploying a procedurally-infirm collateral attack as a surrogate for an untimely or forfeited direct appeal. Collateral estoppel will thwart that attempt where "the same [factual] issue was presented in both cases, the issue was litigated and decided in the first suit, and the determination was essential to the prior judgment."[5]

The doctrines of res judicia and collateral estoppel must be examined in light of 10 *Del.C.* §9536. Section 9536 provides in pertinent part:

(a) In every action before a justice of the peace, within the justice's jurisdiction, the defendant, if he or she has against the plaintiff any account, demand, or cause of action, cognizable before a justice of the peace, shall bring it forward and plead it as a setoff; and the justice shall enter on the docket the nature and amount of such counterclaim. Any defendant, neglecting to do so, shall, if the action against him or her be prosecuted to judgment, lose such account, demand, or cause of action, and be forever barred from recovering it.

(b) If the defendant has any account, demand, or cause of action, against the plaintiff, exceeding $25,000, the defendant may bring it forward and plead it as a setoff under subsection (a) of this section. The defendant does not, by neglecting to plead it, lose such cause of action.

---

[5] *Mikkilineni v. PayPal, Inc.,* No. CVN19C05123PRWCCLD, 2021 WL 2763903, at *8 (Del. Super. Ct. July 1, 2021).

In *Desmond v. Luck*[6] this Court had an opportunity to address Section 9536(b). The Court, in reliance on the decision in *Petrucci v. Landon*,[7] held that a default against a Defendant in a Justice of Peace Court action would not bar a subsequent suit for negligence. Additionally the Desmond Court opined that where the Defendant in the Justice of Peace Court action did not raise the negligence claim as a counterclaim, as opposed to a setoff, the claim would not be subsequently barred in a later filed action in a court with a higher jurisdictional threshold. In the instant case Norris made it clear that he was not pursuing a claim for negligence and was expressly reserving his right to present such a claim to another Court. Norris was unsuccessful in his attempt to make a claim for a set off because the three judge panel did not allow the admission of the expert reports. However, Norris' lack of success does not bar the instant suit. Under Section 9536 Norris was entitled to defend the amount owed in the form of a setoff and did not lose his right to bring a later action for negligence in a Court that had jurisdiction to hear such a claim. As to the plaintiffs who were defaulted in Justice of the Peace, they are clearly entitled to pursue their negligence claim.[8] Defendants motion to dismiss on the basis of res judicia and collateral estoppel is DENIED.

---

[6] 1988 WL 90500 (Del. Super. 1988).
[7] 107 A.2d 236 (Del. Super. 1954).
[8] *Id.*

Defendants next contend Plaintiffs' lease was with Reybold Venture Group VIII TH1 A LLC and that Plaintiffs have failed to name that entity and that the entities and persons named have no liability. Plaintiffs have alleged that all of the Defendants "owned, maintained, controlled, operated, inspected and caused repairs to be made at St. Andrews." On a motion to dismiss the Court is required to accept all well plead factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Applying this standard Plaintiffs have pled a valid claim against the Defendants. In addition the claims have been pled with the requisite particularity to give the Defendants notice of what is being claimed. Plaintiff's claim that Rule 9 does not require that negligence be pled with specificity is incorrect. Whether the claims pled are supported by the facts is an issue for another day but it is clearly not an issue at the motion to dismiss stage.

Defendants move to dismiss the claims of the Estate of Tanya Yvette Lowry because there is no proof that any estate has been opened. Plaintiffs have 45 days to provide proof to the Court that an estate has been opened for Tanya Yvette Lowry. If no such proof is provided the Court will dismiss the claims of the Estate of Tanya Yvette Lowry upon further request by the Defendant without the need for the Plaintiff to be heard. The wrongful deaths claims do survive.

Defendants have moved to dismiss the claims on behalf of Plaintiff MLowry and the Estate of Tanya Yvette Lowry because the complaint is pro se and only

attorneys admitted to the Bar of the State of Delaware may appear in Delaware Courts on behalf of other individuals and entities. Defendants are correct that parties may only proceed pro se or with counsel. Plaintiffs MLowry and the Estate of Tanya Yvette Lowry have 45 days to either have counsel enter for them or to file an entry of appearance for their own behalf.[9] If a proper entry of appearance is not made for MLowry and/or the Estate of Tanya Yvette Lowry within 45 days the claims will be subject to dismissal upon request of the Defendants without further input from the Plaintiffs.

For the above reasons Defendants' Motion to Dismiss is hereby DENIED in part and GRANTED in part.

**IT IS SO ORDERED**.

/s/ *Francis J. Jones, Jr.*

Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[9] As to the Estate of Tanya Yvette Lowry, the administrator or executor of her estate has the authority to act *pro-se*.