WORTH, survivor, *v.* CARMICHAEL, and *vice versa.*

1. A judgment rendered in litigation between the same parties is not conclusive in a subsequent suit between them on a different cause of action, except as to issues actually made and determined in the former litigation. Accordingly, where two notes were given upon a consideration arising in one and the same transaction, a judgment rendered in favor of the payee against the maker, upon one of such notes, did not operate to estop the latter from setting up, in a subsequent action brought by the former against him on the other note, a defense which was not in issue when the judgment was rendered.

2. There was ample evidence to authorize the charges complained of, and to warrant the verdict found; and there was no error in refusing to grant a new trial.

Argued January 10, — Decided February 6, 1902.

Complaint.     Before Judge Roberts.     Wilcox superior court. July 30, 1901.

*Thomson & Whipple,* for plaintiff.
*Eldridge Cutts* and *Hal Lawson,* for defendant.

FISH, J.    D. C. Carmichael, A. C. McLeod, and P. H. Emmett were accommodation indorsers on a note given by William McQueen & Co. to Worth & Worth, as collateral for an acceptance of Worth & Worth in favor of McQueen & Co. Subsequently to their indorsement, these indorsers gave their two joint and several individual notes to Worth & Worth, in lieu of the note which they had indorsed. Worth & Worth brought suit, in the county court, against Carmichael upon one of these individual notes, to which he set up no defense, but confessed judgment, with a stay of execution. Subsequently the present suit was instituted upon the other individual note, by Worth & Worth, in the superior court, against Carmichael, McLeod, and Emmett. To this action Carmichael pleaded, in substance, that he was induced to give the note sued on in the present case, and the one upon which judgment was obtained in the county court, by false and fraudulent representations of Worth & Worth, to the effect that Worth & Worth had been made preferred creditors in an assignment made by William McQueen, and that they would apply toward the payment of these notes whatever sums they should receive under the assignment; and that the defendant had been injured in thus being induced to give to the plaintiffs his note as principal, in substitution of one upon which he

was merely accommodation indorser.    The case proceeding to trial in the name of B. G. Worth, surviving partner of Worth & Worth, a verdict was rendered in favor of the defendant.    Plaintiff moved for a new trial, which motion being overruled, he excepted.

1. Complaint was made in the motion for a new trial that the court erred in refusing to charge the jury, at the request of counsel for the plaintiff, that, " Where two notes are given as part of the same transaction and suit is entered upon one of the notes, and the defendant interposes no defense to said suit, and judgment is entered therein, the defendant is estopped to interpose a defense to a subsequent suit on the other of said series of notes, which by the exercise of ordinary care and diligence he might have known of, and have interposed and urged as a defense to the original suit." There was no error in refusing to give this request in charge, as the proposition contained therein is not the law.    As the note sued on in the present case is a different cause of action from the note upon which judgment was obtained against the defendant in the county court, before that judgment could be invoked by the plaintiff as an estoppel upon the defendant in this case, it would have to appear that the matters set up by the pleas in the present case were actually put in issue and determined in the suit which resulted in the judgment.    Such, however, is not the fact, as it is shown by the record, and also apparent from this request to charge, that no defense was made to the action upon the first note.    The rule is well settled that a judgment rendered in litigation between the same parties does not operate as an estoppel in a subsequent suit between them on a different cause of action, except as to such issues as were actually tried and determined in the former litigation; and the fact that the cause of action in the two suits arose out of one and the same transaction does not alter the rule.    This principle was applied by this court in the case of *Sloan* v. *Price,* 84 *Ga.* 171— a case in which only two Judges presided, wherein it was held : "That a question could have been litigated in a former controversy between the same parties is enough to settle it by the judgment rendered in that case as to all the property involved in that litigation; but to settle the question as to other property, it must appear that it was actually litigated, not only that it might have been.    Thus, a waiver of exemption, applicable to cotton as well as other personalty, may be urged to condemn the cotton after the other property has

been adjudicated exempt, although the waiver might have been but was not urged to subject the other property." Chief Justice Bleckley, in delivering the opinion, said: "The waiver of exemption might have been litigated in the former claim, and if it had been, the judgment would have been conclusive upon that question on the trial of the latter claim; but the evidence shows that the question was not litigated in the trial of the first claim. Therefore it remained open and at large." To sustain the proposition, the following authorities were there cited: Freeman on Judgments, 253; Cromwell v. County of Sac, 94 U. S. 351; Davis v. Brown, Id. 423; Russell v. Place, Id. 606; Howlett v. Tarte, 10 C. B. (N. S.) 813; Notes to Cromwell v. County of Sac, 16 Am. Law Reg. (N. S.) 730. In Laird v. City of DeSoto, 32 Fed. Rep. 652, the rule is stated by Brewer, J., to be: "That where the second suit is not upon the same cause of action, though between the same parties, the former judgment is conclusive as to matters which were in fact and necessarily decided, and is not conclusive as to matters which might have been, but which were not, presented and decided." In reasoning why a judgment in a former suit should not be conclusive in a second suit between the same parties, on a different cause of action, except as to issues made and decided in the former action, Mr. Justice Field, in Cromwell v. County of Sac, supra, said: "Various considerations, other than the actual merits, may govern a party in bringing forward grounds of recovery or defence in one action, which may not exist in another action upon a different demand; such as the smallness of the amount or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time. A party acting upon considerations like these ought not to be precluded from contesting in a subsequent action other demands arising out of the same transaction." The rule which we have above referred to and stated is so well established that we deem it unnecessary to cite the other numerous decisions, by various courts, upon the subject.

2. The other special grounds of the motion for a new trial relate to exceptions to specified extracts from the court's charge upon the subject of fraud, the objection being, in substance, that there was no evidence to authorize such charges. We have carefully read the brief of evidence, and find that such exceptions were not well

taken.    There was ample evidence to authorize the charges com-
plained of, and to warrant the verdict in favor of the defendant.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed.
All the Justices concurring.*