### 16683.   FARMER *v.* BAIRD *et al.*

The trial court having overruled a former motion to set aside the judgment
    attacked by the motion now under consideration, and the latter motion
    not showing any special reason why its ground of attack should not
    have been included in the previous motion, and the effect of the over-
    ruling of the previous motion being to adjudicate that the judgment
    attacked could not be set aside for any reason that was or could have
    been assigned, the doctrine of res judicata applied to the second motion,
    and the court erred in sustaining that motion.

DECIDED MARCH 12, 1926.

Certiorari; from Fulton superior court—Judge E. D. Thomas.
June 2, 1925.

*Savage & Crawford,* for plaintiff.

*Joseph E. Berman,* for defendants.

JENKINS, P. J.   Under the doctrine of res judicata, whenever
there has been a judgment by a court of competent jurisdiction in
a former litigation between the same parties, based upon the same
cause of action as a pending litigation, the litigants are bound to
the extent of all matters put in issue or which under the rules of
law might have been put in issue by the pleadings in the previous
litigation.   Civil Code (1910), § 4336; *Perry* v. *McLendon,* 62
*Ga.* 598; *Hill* v. *Cox,* 151 *Ga.* 599, 604 (107 S. E. 850); *Hollins-
head* v. *Woodward,* 128 *Ga.* 7, 15 (57 S. E. 79); *Bostwick* v. *Per-
kins,* 1 *Ga.* 136, 139; *Loganville Banking Co.* v. *Forrester,* 17 *Ga.
App.* 246 (87 S. E. 694); *Fowler* v. *Davis,* 1 *Ga. App.* 549 (57 S.
E. 939).   A somewhat different rule applies in regard to the
doctrine of estoppel by judgment, since the latter doctrine has
reference to previous litigation between the same parties based upon
a different cause of action.   *Worth* v. *Carmichael,* 114 *Ga.* 699 (1)
(40 S. E. 797); *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113,
69 L. R. A. 483, 2 Ann. Cas. 650).   In the latter case, there is
an estoppel by judgment only as to such matters as were neces-
sarily or actually adjudicated in the former litigation.   That is
to say, there is an estoppel by judgment only as to such matters
within the scope of the previous pleadings as necessarily had to be
adjudicated in order for the previous judgment to be rendered, or
as to such matters, within the scope of those pleadings, as might

Judgments, 34 C. J. p. 818, n. 92; p. 869, n. 56; p. 874, n. 68; p. 883,
n. 45; p. 915, n. 55; p. 919, n. 57; p. 920, n. 58.
    Orders, 29 Cyc. p. 1522, n. 80.

or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. In the instant case the previous motion to set aside the judgment and the present motion to arrest the judgment are the same in purpose and effect, and necessarily constitute the same cause of action, both seeking to destroy the validity of the judgment attacked. It follows from what has been said that since the present motion in arrest of judgment fails to show any special reason why its ground of attack could not and should not have been embodied in the previous motion to set aside (see, in this connection, Civil Code (1910), §§ 4584, 4585; *Johnson* v. *Driver,* 108 *Ga.* 595 (34 S. E. 158); *Beverly* v. *Flesenthall,* 142 *Ga.* 834 (83 S. E. 942), and cases cited), and since the previous judgment of the trial court overruling the motion to set aside amounts to an adjudication that the original judgment could not be set aside for any reason that was or which might have been assigned, that judgment renders the subsequent motion in arrest subject to the application of the doctrine of res judicata, and the trial court erred in not sustaining such contention.

*Judgment reversed. Stephens and Bell, JJ., concur.*