SCARBOROUGH *et al. v.* EDGAR *et al.*

No. 9102.   February 23, 1933.   Rehearing denied March 4, 1933.

*Brown & Brown, J. Wightman Bowden,* and *J. D. Stewart,* for plaintiffs.

*Branch & Howard,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) The controlling question in this case is whether the exception which challenges the correctness of the judgment overruling the demurrers to the answers of the defendants is meritorious. The demurrers present several questions. They were overruled after the court had allowed the defendants to amend their answer by pleading a judgment of the court of ordinary, rendered on October 23, 1918, in the following terms: "In re will of J. W. Williams, deceased: The petition of E. D. Williams, John T. Williams, and Mrs. Exa Edgar, as propounders of the alleged last will and testament of J. W. Williams, in which said alleged will they, the petitioners, are named as executors, having been duly filed in this court, and it appearing that all of the heirs of the said J. W. Williams, deceased, have been duly notified, and the said matter coming on at this time for a hearing; after hearing the testimony of all of the witnesses produced in court, and the said testimony being insufficient to establish and prove the said alleged will as the last will and testament of the said J. W. Williams, it is therefore ordered and adjudged by the court that said alleged will has not been proved to be the last will and testament of said J. W. Williams, deceased; and it is therefore ordered that same be not admitted to record as such, and the petition is hereby denied, and an intestacy is hereby declared in said estate." When the plaintiffs "offered to introduce evidence to probate the will of John W. Williams, deceased, . . the court ruled that the defendants had the right to proceed first to establish their plea of res adjudicata. Again: "After the defendants had offered evidence

in support of their plea of res adjudicata, the application . . as executors to probate in solemn form the will of John W. Williams, deceased, . . together with the order for citation of service upon Miss Clara Jane Williams, acknowledgment of service by Miss Clara Williams, and the judgment rendered by the court of ordinary denying said application, . . and declaring an intestacy," and the application for administration of the estate of John W. Williams at the December term, 1918, the defendants closed. The plaintiffs moved that the court direct a verdict against the plea of res adjudicata, for the reason that the evidence introduced by the defendants did not disclose that the merits of the case, to wit, the issue of devisavit vel non, had been adjudicated by the court of ordinary, and therefore that such evidence was insufficient in law to sustain the plea of res adjudicata. Thus it appears, that, while it is never error to refuse to direct a verdict, the question of the insufficiency of the evidence to sustain the defendant's plea of res adjudicata was brought to the attention of the court. Following the refusal to direct the verdict requested by the plaintiffs, they asked to be allowed to introduce evidence as against the plea of res adjudicata; and the court ruled that they would not be allowed to introduce any evidence except to show that the judgment of the court of ordinary was not rendered.

We are of the opinion that the rulings to which we have just referred were predicated upon the opinion of the learned trial judge that the amendment which pleaded the judgment rendered on Octobr 23, 1918, was a sufficient plea of res adjudicata. Such, however, is not the case. As the basis of a plea of res adjudicata, it must be shown that the action to which the plea is interposed is the same as a prior action which has been concluded by a judgment, and by reason of which the prosecution of a pending action is barred, "The general rule is that where a judgment is relied upon as an estoppel, or as establishing a particular state of facts, of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the entire proceeding in which the same was rendered; yet, where the only direct object to be subserved is to show the existence and contents of such judgment, a properly authenticated copy of the judgment entry of a court of record, possessing general original jurisdiction, is admissible, without more." *Weaver* v. *Tuten,* 138 *Ga.* 101 (2) (74 S. E. 835). It

is very plain that the copy of the judgment of the court of ordinary of Fulton County, introduced by the defendants in this case, was for the purpose of "establishing a particular state of facts, of which it was the judicial result," and could be "proved only by offering in evidence a complete and fully authenticated copy of the entire proceeding in which the same was rendered." It is not enough to show that a judgment rendered in a prior action, alone and of itself, might in some circumstances operate as an estoppel by judgment, which, as a plea, is entirely different from one of res adjudicata.

In *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260), Jenkins, P. J., in a well-considered decision pointing out the distinction to which we have adverted, said: "Under the doctrine of res adjudicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation. Civil Code (1910), § 4336; *Perry* v. *Mc-Lendon,* 62 *Ga.* 598; *Hill* v. *Cox,* 151 *Ga.* 599, 604 (107 S. E. 850) ; *Hollinshead* v. *Woodard,* 128 *Ga.* 7, 15 (57 S. E. 79) ; *Bostwick* v. *Perkins,* 1 *Ga.* 136, 139; *Loganville Banking Co.* v. *Forrester,* 17 *Ga. App.* 246 (87 S. E. 694) ; *Fowler* v. *Davis,* 1 *Ga. App.* 549 (57 S. E. 939). A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action. *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797) ; *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). In the latter case, there is an estoppel by the judgment only as to such matters as were necessarily or actually adjudicated in the former litigation. That is to say, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of those pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined."

In a proper plea of res adjudicata, not only the judgment rendered must be exhibited, but it must be shown by the pleadings themselves in the prior investigation of a case between the same

parties in both suits that the pleadings in the trial in which the judgment is alleged to have been rendered were such as that the judgment rendered was authorized by law. A judgment might be rendered which would be void if not authorized by the pleadings, and in extreme cases the absence of proper pleadings would make the judgment an absolute nullity. The only record shown in this case besides the judgment is the original petition to probate the will in question, and an order showing acknowledgment of service by a named party. Thus it is disclosed in the original investigation that there was no caveat to the petition to probate. We are not aware of any rule by which the defendants in the present action can be held to have been parties adverse to the probate in the former investigation, because it does not appear that these or any other persons were adverse parties contesting or opposing the probate of the will in October, 1918. So that the plea of res adjudicata in the instant case fails to show that the prior action was between the same parties participating in the present litigation. It appears from the former petition for probate that they were not propounders, or seeking to be made such, and no one filed any caveat. It is true theoretically that all heirs at law are parties adverse to those who seek to propound a will and who thereby propose to supersede the general laws of inheritance and the ordinary rules of distribution. All heirs at law must have service of citation notifying them that there will be offered for probate a writing denominated as a will, but without filing a caveat no one becomes an *adverse* party so as to make a legal controversy upon the issue of devisavit vel non, which is the only question to be determined upon the probate of a will. With the present record before it, no court could tell that any issue was properly before the court of ordinary, unless the necessary pleadings, either by caveat or otherwise, were before the ordinary, so as to show that the alleged judgment was directed to the proposition devisavit vel non or whether the judgment was based upon evidence upon some other point entirely dehors the record. Upon the rule uniformly applied to pleadings, the judge, in passing upon what transpired in the former trial which is sought to be set up in bar of the present proceeding, must resolve all doubts against the answer of the defendants in this case, in considering the sufficiency of the alleged record of the proceedings in the former investigation. He therefore should have decided that there was in

fact no caveat interposed, and therefore that there was no issue as to the genuineness of the paper submitted as a will. And it appearing from the judgment of the ordinary himself that the judgment was based upon the insufficiency of the evidence to establish the probate, the inference naturally arises that the attesting witnesses were not introduced; and thus this plea of res adjudicata would at this point offer no bar to the allegation in the petition that they have never been produced by the executors, although available *then* and at all times since. In any view of the case, from the wording of the judgment it is not clear that the ordinary was authorized to decline to probate the alleged will. The general rule in cases where there is no answer (and certainly if there is none which would authorize the defendant to prevail), is that the proper judgment in such an instance is to dismiss or nonsuit the plaintiff's petition. In any event, the effect of rendering a judgment by default in favor of a defendant who is not asking any affirmative relief, or even denying the right asserted by the plaintiff, is to deprive the plaintiff of a very substantial right. A proper judgment of dismissal or nonsuit would not have concluded the litigation, because the nature of a judgment of nonsuit or dismissal is such that the plaintiff may renew his suit within six months upon the terms imposed by the Code. We are of the opinion, therefore, that the judgment relied upon in this record, even if construed as one of dismissal, was not a conclusion of the litigation. A plea of res adjudicata must not only satisfy the court to whom it is submitted that there was the same issue between the same parties in regard to the same subject-matter, but it must also appear from the former record that a judgment was rendered which of itself proves a final termination and conclusion of the litigation.

Construing the judgment in this case in the strictness applicable to pleas of res adjudicata, how can a court determine that after the rendition of the judgment submitted as an amendment to the answer, and within the statutory period of six months, a compromise or settlement such as indicated in the petition was not effected, which had the effect of subverting the will of the testator and of permitting living parties to make a will of their own creation for the dead man? We are of the opinion that court erred in overruling the demurrers and in not striking the answer of the defendants. The defendants, not being required to amend their answer in the re-

spects pointed out by special demurrers, left the answer insufficient to withstand the general demurrers, and therefore required that they should have been sustained. Under a well-settled general rule, it would be useless to decide other questions presented by the bill of exceptions, because, so far as the trial now sought to be reviewed is concerned, further proceedings are nugatory. But inasmuch as our decision will require the grant of a new trial, and a repetition of certain errors presented in the bill of exceptions should be avoided, it is necessary that these exceptions be adjudicated at this time. The court erred in not permitting the plaintiffs to introduce evidence for the purpose of probating the will of John W. Williams. That is, in refusing to allow the plaintiffs to prove the factum of the will, and that the signer of the will was of sound mind, as required by law. The burden of proving a will is upon the propounder, unless the caveator admits a prima facie case, which was not done in this case. The defendants would have had the right to proceed first to establish their plea of res adjudicata, as directed in this case, only after admitting the truth of the facts required by law to establish a prima facie case in behalf of the plaintiffs. So the court erred in ruling in favor of the motion of defendants' counsel that defendants had the right to proceed first to establish their plea of res adjudicata. The petition did not admit that on the prior trial the will had been formally proved so as to create a prima facie case, but on the contrary in the petition it was vigorously denied that the witnesses necessary to establish a prima facie case, though available, were ever produced.

The next exception rests upon the principle that the court refused to direct a verdict in favor of the plaintiffs, upon the ground and for the reasons appearing in the statement of facts. Of course it has so frequently been ruled as to require no citation of authority that it is never error to refuse to direct a verdict. Next, the plaintiffs asked to be allowed to introduce evidence as against the plea of res adjudicata; and the court ruled that the plaintiffs were not allowed to introduce any evidence except to show that the judgment of the court of ordinary, as pleaded by the defendants, was not in fact rendered. In this the court erred, for at least one reason already stated, that is, that there was no proper plea of res adjudicata. Nor was there any plea in the previous trial to show that the question of devisavit vel non was ever in issue in the proceeding in the ordinary's court in 1918.

No ruling will be made upon the exception that it was error to direct a verdict in favor of the defendants, because the question can not arise in the same circumstances upon a retrial of the case. In view of the rulings upon the demurrers, the motion for a new trial was necessarily controlled thereby, and the court erred in overruling the motion.    *Judgment reversed.    All the Justices concur.*