Spence *et al.* v. Erwin *et al.*

Jenkins, Presiding Justice. The plaintiffs in this case had previously brought a suit against the same defendants for the recovery of the same corporate stock for which they now sue, both suits arising out of the same transaction, and based on the same contract. In the former case, reported in 197 *Ga.* 635 (30 S. E. 2d, 50, 154 A. L. R. 1057), the suit was maintained on the theory that the stock had been pledged with the defendants as security for a loan, the maturity date of which was by oral agreement subsequently extended; that the written agreement denominating the transaction as a sale with an option, in favor of the vendors, to repurchase was but a guise to cover up usury. The plaintiffs in that case alleged that they were entitled to the stock, in that they had made a tender of the amount due on the alleged loan. This court held that the agreement set forth a valid contract of sale, coupled with an option, in favor of the vendors, to repurchase, and that the suit was properly dismissed on demurrer. The present suit is maintained on the theory that the contract between the plaintiffs and the defendants did in fact constitute a sale of the stock with an option, in favor of the plaintiff vendors, to repurchase by a specified date at a specified price; it being further alleged that while the time for exercising the option under the terms of the agreement had expired, its duration had been extended by oral agreement, and for a valid and sufficient consideration. The plaintiffs now tender the amount due on the contract, treated as a sale with an option to repurchase. The court directed a verdict in favor of the defendants on the theory that the pleadings themselves showed that the plea of res judicata was good, independently of any consideration of the other defenses made. *Held*:

1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501.

(*a*) The rule just quoted states the doctrine of res judicata, and relates only to cases involving the same cause of action. A somewhat different

rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action. *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797); *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). In the latter case, there is an estoppel by the judgment only as to such matters as were necessarily, or as are shown to have been actually, adjudicated in the former litigation. *Scarborough* v. *Edgar,* 176 *Ga.* 574, 581 (168 S. E. 592); *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833).

(b) Accordingly, under the foregoing rules it is necessary to determine whether each of the two suits here involved related to one and the same or to separate and distinct causes of action. and whether if the cause of action be the same, the theory on which the second suit is sought to be maintained was of such a character as could have been set up on a separate count in the original action.

2. While the use of two or more inconsistent theories as to the right to recover in the same count would not be permissible, the common-law rule against such duplicity was at an early date relaxed by permitting the plaintiff to set out the different and inconsistent theories for recovery on the same demand in separate and distinct counts. *McMillan* v. *Heard National Bank of Jacksonville,* 19 *Ga. App.* 148 (91 S. E. 235). It is even permissible to join separate and distinct causes of action in the same suit by separate and independent counts, provided the causes be of a similar nature (*Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (3), 38 S. E. 91), but, as indicated in the previous paragraphs of this opinion, the rules governing res judicata do not compel one to thus join separate causes of action in order to escape the penalties of that doctrine. In order for the principles of res judicata to apply so as to bind a plaintiff as to any theory of his claim, whether invoked or not, the cause of action in both cases must be the same.

3. Both suits being brought by the same plaintiffs against the same defendants and based on the same transaction and the same contract, in each of which suits it was sought to recover the same corporate stock. to which the plaintiffs alleged they were entitled under a tender made in accordance with their construction of the contract as made in each petition—the fact that the plaintiffs in their first suit treated the contract as a loan secured by the stock, and in the second suit proceeded under a different theory, in that they treated the contract as a sale of the stock with an agreed option in favor of the vendors to repurchase, does not operate to make the two causes of action separate and distinct. This is true for the reason that both suits relate to the same transaction, and in each suit the right asserted by the plaintiffs is that, under the contract and the tender made in accordance therewith, they are entitled to the stock, and in each suit the wrong complained of is the refusal of the defendants to surrender the stock to which the plaintiffs, under the agreement, became thus entitled. See, in this connection, *Parris* v. *Atlanta Knoxville &c. Ry. Co.,* 128 *Ga.* 434 (57 S. E. 692); *Atlanta & West Point R. Co.* v. *Coleman,* 142 *Ga.* 94, 98 (82 S. E. 499); *Strachan Shipping Co.* v. *Hazlip-Hood Cotton Co.,* 161 *Ga.* 480

(131 S. E. 283); *Maxwell* v. *Harrison*, 8 *Ga.* 61 (52 Am. D. 385); *Satterfield* v. *Spier*, 114 *Ga.* 127 (39 S. E. 930); *Woods* v. *Travelers Ins. Co.*, 53 *Ga. App.* 429 (186 S. E. 467). In other words, in the second suit, based on the same facts and on the same transaction and on the same contract, and involving the same right and the same wrong, these were merely set forth under a different theory of recovery, and this can ordinarily be done by separate counts in one suit. See *Milton* v. *Milton*, 195 *Ga.* 130 (3), 133 (23 S. E. 2d, 411).

(a) If, as contended by the plaintiffs in error, the first suit sounded in tort, and the second set forth not only a different cause of action but one of a different nature and character in that it sounded on contract, the particular rule of res judicata as now invoked would not have application; but, as we construe the pleadings in the two cases, both sounded in contract. The Code, § 105-101, defines a tort as follows: "A tort is the unlawful violation of a private legal right, other than a mere breach of contract, express or implied; or, it may be the violation of a public duty, by reason of which some special damage accrues to the individual." While it is true that, under the old Code (1910, § 4403 (3)), and under the modified language of the new Code section just quoted, the violation of some private obligation, by which damage accrues which is not the result of a mere neglect of duty expressly or impliedly provided for by the contract itself, can be treated as a tort, and as such affords a right or cause of action (*Fain* v. *Wilkerson*, 22 *Ga. App.* 193 (2), 95 S. E. 752)—the principle just stated can not be applied here so as to authorize an interpretation that the former suit sounded in tort, for the reason that the wrong complained of was simply the failure of the defendants to comply with their clearly implied duty under the contract to surrender the alleged collateral upon a proper tender being made of the alleged indebtedness.

(b) The contention of the plaintiffs in error that the ground of complaint as now declared on did not exist when the former suit was instituted does not appear to be well taken, since it affirmatively appeared in the former petition that the alleged extension now relied on (whether it be as to the maturity of the debt as first alleged, or as to the time for the exercise of the option as now alleged) was all done prior to the filing of the first suit, as shown by their petition in the former case; and having sought in the first suit to obtain a recovery of the stock, they could and should have then exercised every right then open to them to consummate the end sought to be obtained.

4. The contentions that a verdict based on the plea of res judicata is invalid, in that it does not appear that the plea was entered as a special plea, or that a special verdict was entered thereon, are without merit, since any such alleged defect in such a plea and in such a procedure should have been raised either by demurrer or by other timely objection during the progress of the trial.

5. The direction of a verdict sustaining the plea of res judicata being proper under the pleadings of the two cases, put in evidence in the instant case, it is unnecessary to consider·the other questions set forth in the record.　　　　　*Judgment affirmed. All the Justices concur.*

No. 15470. May 9, 1946.

*Augustine Sams,* for plaintiffs.

*Madison Richardson* and *Sutherland, Tuttle & Brennan,* for defendants.