ELSIE F. HICKMAN v. EDWARD S. HICKMAN

(*March* 21, 1956.)

TERRY, J., sitting.

*Daniel J. Layton, Sr.,* for the plaintiff.

*Samuel Russell* (of the firm of Tunnell and Tunnell) for the defendant.

Superior Court for Sussex County, No. 68, Civil Action, 1955.

TERRY, J.:

Elsie F. Hickman has instituted this action against Edward S. Hickman for divorce on the ground of willful desertion.

The plaintiff's petition recites as follows:

"1. That she is now and for more than two years next preceding the commencement of this action has been a resident of Ocean View, Sussex County, Delaware.

"2. That the defendant, Edward S. Hickman, for more than two years next preceding the commencement of this action has been a resident of the State of Delaware, his post office address being Clarksville, Sussex County, Delaware.

"3. That the plaintiff and defendant were married in due form of law at Ocean View, Delaware, on or about the twenty-eighth day of February, 1907.

"4. That in the month of February, in the year 1947, the defendant, without cause, willfully deserted the plaintiff, and has persisted and continued in said willful desertion since the month of February, 1947.

"5. That in the month of August, 1944, the plaintiff was informed that the defendant had or would institute a suit for divorce against the plaintiff in Reno, Nevada, and was requested by the defendant's attorney in Reno aforesaid to sign a power-of-attorney which she refused to do; and thereafter, the plaintiff received from the Second Judicial District of the State of Nevada, in and for the County of Washoe, a certified copy of the judgment and decree in the case of Edward S. Hickman, the

defendant herein, and Elsie F. Hickman from which it appeared that a decree of divorce was entered on the 8th day of November, A.D. 1944.

"The plaintiff alleges that she never was served personally with any legal process issued from the Court in Nevada, that she never authorized any appearance to be made for her, and that in fact no appearance was ever entered for her in said action.

"The plaintiff alleges also that the said Edward S. Hickman, the defendant herein, was never a bona fide resident of the State of Nevada, that immediately upon the aforesaid decree of divorce being entered in his favor he returned to the State of Delaware and has since resided in the State of Delaware, or elsewhere.

"WHEREFORE, the plaintiff alleges that the decree of divorce entered in the State of Nevada aforesaid was, and is invalid and is of no legal force or effect.

"WHEREFORE, the plaintiff prays that a summons issue directing the defendant to appear in this Court according to its rules to answer this complaint;

"That a decree be entered divorcing the plaintiff and defendant from the bonds of matrimony.

"That the plaintiff be allowed out of the defendant's real and personal estate such share as the Court thinks reasonable." The defendant has answered as follows:

### "FIRST DEFENSE"

"1. Paragraph 1 of Plaintiff's Petition is Admitted.

"2. Paragraph 2 of Plaintiff's Petition is Admitted.

"3. Paragraph 3 of Plaintiff's Petition is Admitted.

"4. Paragraph 4 of Plaintiff's Petition is Denied.

"5. As to paragraph 5 of Plaintiff's Petition, Defendant admits that on the 8th day of November, A.D. 1944, he obtained a Divorce from Plaintiff in the Second Judicial District of the

State of Nevada, in and for the County of Washoe, but denies that Plaintiff was never served personally with any legal process issued from the Court in Nevada, denies that immediately upon the aforesaid Decree of Divorce being entered in his favor Defendant returned to the State of Delaware, denies that Defendant was never a bona fide resident of the State of Nevada, and further denies that the Decree of Divorce entered in the State of Nevada aforesaid was, and is invalid and of no legal force or effect."

### "SECOND DEFENSE"

"As and for an additional affirmative defense, Defendant answers:

"(a) That after the aforesaid marriage of plaintiff and defendant, plaintiff herein was guilty of numerous indiscretions and acts of misconduct involving other men and alcoholic liquor in defiance of defendant's pleas and demands to such an extent that defendant on or about September, 1937, found it unbearable to continue marital relations with plaintiff, and as a result was forced to leave plaintiff.

"(b) That said acts were sufficient to constitute the plaintiff herein a constructive deserter.

"(c) That plaintiff and defendant have not lived together as man and wife since September, 1937, as a result of Plaintiff's constructive desertion."

### "THIRD DEFENSE"

"On October 13, 1945, the instant defendant, Edward S. Hickman, brought an action for forceable detainer against the instant plaintiff, Elsie F. Hickman, before Leroy H. Ryan, Sr., Justice of the Peace in Frankford, Delaware. At the trial of said action, the issue was raised of the validity of the decree of divorce granted to the instant defendant, Edward S. Hickman on the 8th day of August, 1944, by the Second Judicial District Court of the State of Nevada in and for the County of Washoe, against the instant plaintiff.

"Said issue was argued before the Justice of the Peace by the attorneys for the respective parties in the forceable detainer action. After the argument of counsel, the Justice of the Peace determined that the Nevada Decree was valid, and said determination was necessary to the Justice of the Peace's final adjudication of the cause in favor of the plaintiff. The issue of the validity or non-validity of the Nevada divorce is the same issue as is raised by the pleadings in the instant case. The defendant therefore avers that the final adjudication of the Justice of the Peace in the forceable detainer action between the same parties as the parties in the instant case is *res judicata,* that the issue of the validity or non-validity of the Nevada divorce decree may not be re-litigated between the same parties, and that the decision of the Justice of the Peace in favor of the validity of the divorce is a complete bar to the instant action.

"WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed, and that defendant be granted such other relief as the Court deems just and proper."

A review of the pleadings, depositions, interrogatories and exhibits heretofore filed disclose for the purposes herein that the parties, subsequent to their marriage in 1907, lived together in Sussex County, Delaware, until a separation occurred in the fall of 1938; that from 1937 until 1944 the defendant was employed by a dredging firm and his employment took him down and along the New England coast, working at different intervals at Boston, Portland, Maine, New London, New Haven, Bridgeport and Providence; that the defendant went to Reno, Nevada in 1944 for the purpose of obtaining a divorce, and was granted a final decree of divorce by the District Court of Nevada in and for Washoe County on the 2nd day of October, 1944, on the statutory ground of "three years separation" from the plaintiff.

Upon obtaining his final decree in divorce the present defendant returned to Delaware and shortly thereafter instituted before a Justice of the Peace in and for Sussex County an action of forceable detainer against the present plaintiff.

Upon the trial of the issue on September 28, 1945, the Justice of the Peace of necessity had to pass upon an objection to his jurisdiction as interposed by the present plaintiff, predicated upon a contention that the Nevada decree was invalid and should not be given full faith and credit by the Justice of the Peace. This is so for the reason that a husband could not maintain a forceable detainer action against his wife in this State.

The Court upon a consideration of arguments made by respective counsel determined that the Nevada decree was valid and gave to it full force and credit. Thereupon the Court proceeded to hear evidence concerning the forceable detainer action, and subsequently rendered judgment in favor of the plaintiff, the present defendant.

The defendant in the present action has moved for an order granting summary judgment in his favor based upon his third defense on the ground that there is no genuine issue as to any material issue of fact, and that the defendant is entitled to judgment as a matter of law. The motion is predicated upon the adjudication by the Justice of the Peace of the Nevada divorce decree in the forceable detainer action which the defendant contends in the instant case is *res judicata,* thus precluding this Court from re-litigating the validity or non-validity of that decree.

The plaintiff has moved to strike the third defense predicated on *res judicata,* for the reason that the present defendant's divorce decree entered on November 8, 1944, at Reno, Nevada was invalid, and that the Justice of the Peace was without jurisdiction to recognize and decide the validity of the decree under the decisional law of this State and under Section 3525 of the *Revised Code of* 1935.

It is undisputed that a Justice of the Peace has statutory jurisdiction to hear and determine cases of forceable detainer from which determination in this State there lies no appeal, and that within the limits of this jurisdiction his authority is as complete for all purposes as is the authority of the

Superior Court. *Jones v. Charles Warner Co.*, 2 *Boyce* 566, 83 *A.* 131; *Johnson v. State*, 6 *Penn.* 450, 67 *A.* 785.

■ Since a husband cannot maintain an action of forceable detainer against his wife in this State (*Plotkin v. Plotkin*, 2 *W. W. Harr.* 455, 125 *A.* 455) it is apparent that before the Justice of the Peace could entertain the forceable detainer action he must have decided that the Nevada decree of the present defendant was valid and entitled to full force and credit in this State, and, as such, that it dissolved the marital relationship between the parties to the present suit.

The problem, therefore, is whether the decision of the Justice of the Peace on this preliminary issue, necessary to his determination in the forceable detainer action, collaterally estops this Court from re-litigating in this action the validity of the Nevada decree of divorce.

■ For the purpose of clarity, I think it should be noted that the doctrine of *res judicata* has no application to the present circumstances. I say this for the reason that the identity of the causes of action is not the same.

The cause of action before the Justice of the Peace was forceable detainer. The present cause of action is divorce. A refinement of the *res judicata* doctrine, recognized as the doctrine of collateral estoppel, may be applicable notwithstanding the difference in the causes of action.

Although no Delaware case has been cited dealing with this precise problem, the Court in the case of *Loomis v. Loomis*, 288 *N. Y.* 222, 42 *N. E.* 2d 495, 147 *A. L. R.* 183, passed directly upon the question. In the *Loomis* case the plaintiff instituted a nonsupport action against her husband in the Domestic Relations Court in the City of New York, which Court had by statute jurisdiction of nonsupport actions, but did not have jurisdiction to determine matters of divorce. The plaintiff was awarded support, which award was later vacated on the ground that the husband had obtained a valid New Jersey divorce, which dissolved

the marital status, thus ending the plaintiff's right to support from the defendant. The plaintiff thereafter in the Supreme Court sought a judgment to declare the New Jersey divorce invalid, and that the marital status still existed. The defendant filed a motion to dismiss on the ground that the judgment of the Domestic Relations Court concluded any subsequent proceeding to determine the validity of the New Jersey divorce. In denying the defendant's motion the Court held the decision of the Domestic Relations Court to be valid and binding for the purpose of the support action, but stated—

· "It is not binding on the parties in an action in the Supreme Court in which there is directly involved the question whether the same marriage exists or has been terminated. There is no identity of jurisdiction—One is preliminary or incidental, the other direct and primary. There is no identity of cause of action —one is for support and that only, the other for adjudication of marital status." 42 *N. E.* 2d 495, 496.

The Court in the *Loomis* case applied the following rule as set out in Section 71 of the Restatement of Judgments:

§ 71. "Where a Court has incidentally determined a matter which it would have no jurisdiction to determine in an action brought directly to determine it, the judgment is not conclusive in a subsequent action brought to determine the matter directly."

"Comment (e)"

"Where a matter affecting status is incidentally determined in an action *in personam,* in a Court having no jurisdiction to determine status, the judgment is not conclusive in a subsequent action brought to determine status. Thus, if a woman brings an action against a man to recover for services and he defends on the ground that she is his wife, the determination of the question whether she is his wife is not conclusive in a subsequent action brought by one of them against the other for divorce or for annulment of the marriage, if the first Court had no juris-

diction to determine these matters." See article by Professor Scott in 56 *Harvard Law Review* 1 at Page 18.

This rule was applied by Judge Herrmann in the recent case of *Hanson v. Wilmington Trust Co., Del. Ch.* 1955, 119 *A.* 2d 901.

■ The Superior Court in this State is the only tribunal that has jurisdiction to directly hear and determine actions of divorce. Section 3502 of the *Revised Code of* 1935, in effect as of September, 1945, and re-enacted under Section 1501 of Title 13 of the *Delaware Code of* 1953.

■■ The question is one of public policy; that is, should a Court which has not been entrusted with jurisdiction to determine a matter directly be permitted to determine it preliminarily or incidentally not merely for the purpose of deciding the issue which it could properly decide, but also with the effect of precluding the parties from re-litigating the question in those Courts which alone are entrusted with jurisdiction to determine it directly? I am of the opinion that this question must be answered in the negative.

The defendant relies upon the general rule as laid down in the case of *Jones v. Charles Warner Co.,* 2 *Boyce* 566, 83 *A.* 131, 134, to the effect "that a former judgment on the merits, between the same parties, in a court of competent jurisdiction is conclusive and final as to any issue actually litigated and determined in the former action, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action." *Ajax Rubber Co. v. Gam,* 3 *W. W. Harr.* 73, 130 *A.* 395; *Williams v. Daisey,* 7 *W. W. Harr.* 161, 180 *A.* 908; *Venetsanos v. Pappas,* 21 *Del. Ch.* 177, 184 *A.* 489; *Worknot v. Millen's Adm'r,* 1 *Harr.* 139.

I do not find the foregoing rule to be in conflict with the rule as stated in the *Loomis* case and in the Restatement, *supra.* This is so for the reason that the Court in the *Warner* case em-

ployed the words "in a court of competent jurisdiction" in the broad sense, connoting thereby a jurisdiction that would embrace such authority as required to determine directly both the primary and collateral issues involved.

The defendant's motion for summary judgment must be denied. The plaintiff's motion to strike the defendant's Third Defense is granted without passing upon the merits thereof.

·An order will be signed accordingly.