41279.   LIFE & CASUALTY INSURANCE COMPANY
OF TENNESSEE v. WEBB, Administrator, et al.

ARGUED MAY 4, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 23, 1965.

*Hammond Johnson, Jr.,* for plaintiff in error.

*Herbert Edmondson,* contra.

PANNELL, Judge. Roy R. Webb, Theoda Standridge, Edna Bryant, Hester Hendrix, Ernest E. Webb and J. B. Webb brought an action against Ernest Lee McDaniel, alleging that they were the brothers and sister of Mrs. Lula Bell Webb McDaniel, deceased; that on September 24, 1959, said McDaniel did, with malice aforethought, kill his wife, the said Lula Bell Webb McDaniel, and that, under the law, he was not entitled to inherit any of her property and prayed, "that title to all of the property belonging to Mrs. Lula Bell Webb McDaniel at the time of her death be decreed to be in" the plaintiff. A settlement agreement was entered into between the parties whereby moneys on deposit in a bank and certain real estate and personal property of the deceased were divided between the parties, one-fourth to the husband, and three-fourths to the alleged heirs. At the time this suit was brought, the proceeds of an insurance policy issued by the defendant in the present case had been paid to the husband. The present case now before this court was brought originally by the administrator of the estate of Lula Bell Webb McDaniel, the husband was vouched into court by the defendant insurance company and the heirs at law of Lula Bell Webb McDaniel, who filed the previous action, were made parties plaintiff by amendment. The general demurrer of the defendant to the petition as amended was overruled and the demurrers of the plaintiff were sustained to a plea of res judicata filed by the defendant claiming that the previous case was res judicata as to the relief sought in the present one. Only head-note 3 requires any elaboration.

"A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." *Code* § 3-607. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which

under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. (69 Ga. 671, 674)." *Code* § 110-501. In order for one to take advantage of the doctrine of res judicata in a subsequent suit based upon a judgment in a prior suit, there are, generally speaking, three prerequisites: (1) identity of parties, (2) identity of cause of action, (3) adjudication by a court of competent jurisdiction. *Latine v. Clements,* 3 Ga. 426, 429. Of course, parties includes privies, usually defined as all persons who are represented by parties and claim under them, the term privity denoting a mutual or successive relationship to the same rights of property. *Latine v. Clements,* supra; *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (1) (6 SE2d 126); *Morris v. Georgia Power Co.,* 65 Ga. App. 180 (1a) (15 SE2d 730); *Roberts v. Hill,* 81 Ga. App. 185 (58 SE2d 465); *Morris v. Murphey & Co.,* 95 Ga. 307 (22 SE 635, 51 ASR 81), but not different rights in the same property. *Commercial Credit Corp. v. Citizens & Southern Nat. Bank,* 68 Ga. App. 393 (1) (23 SE2d 198). Whether there is privity between the insured defendant here and the spouse defendant in the prior suit because of the payment made under the policy, or whether the answer to this question is negative because if privity existed, it may have existed prior to the first judgment to which the defendant here was not a party because the payment of the insurance proceeds was made prior thereto and there is no succession to the rights affected by such prior judgment (see *Seaboard Air-Line R. v. Ins. Co. of North America,* 18 Ga. App. 341 (89 SE 438)), or whether the answer should be in the affirmative because privity may subsequently have been created by the vouchment of the spouse defendant into court in the present case (see *Pardue v. Masters,* 211 Ga. 772 (88 SE2d 385), affirming *Masters v. Pardue,* 91 Ga. App. 684 (86 SE2d 704)), it is not necessary to decide in this case, as, in our opinion, the cause of action is different in the two cases. A cause of action has been defined as being "the *entire* set of facts which give rise to an enforceable claim." Where some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the

former (*Irwin v. Spratlin,* 127 Ga. 240 (55 SE 1057, 9 AC 341) ; *Brooks v. Miller,* 118 Ga. 676 (45 SE 485)), although the subject matter may be the same (*Fortson v. Fortson,* 200 Ga. 116, 119 (35 SE2d 896) ; *Gillens v. Gillens,* 148 Ga. 631 (97 SE 669)), and even though the causes arose out of the same transaction. *Worth v. Carmichael,* 114 Ga. 699 (40 SE 797). Mere identity of subject matter without identity of cause of action is not sufficient. *Missouri State Life Ins. Co. v. Lovelace,* 1 Ga. App. 446 (58 SE 93). With these rules in mind, let us first examine the two sections of the statute out of which the two claims arose. The first claim arose under § 1 of the Act of 1952 (Ga. L. 1952, pp. 288, 289; *Code Ann.* § 113-909). The present suit, or the second claim, is brought under § 2 of the same Act.

It is apparent, from reading these two sections and from what is said in headnote 1 of the opinion, that the entire sets of facts which give rise to an enforceable claim under the respective sections are different, and that while the killing with malice aforethought is an element in both, the purpose of the killing is different in each, and under the rules above set forth it must be held that the causes of action given under the two sections are different and therefore the doctrine of res judicata is inapplicable. Since the former litigation would not necessarily adjudicate the question of whether the killing was done with malice aforethought by the defendant spouse, the doctrine of estoppel by judgment does not apply as "there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters, within the scope of those pleadings, as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined." *Farmer v. Baird,* 35 Ga. App. 208 (132 SE 260). There being no allegation in the plea that it was actually adjudicated and determined in the prior litigation that the spouse defendant did not kill the deceased with malice aforethought, no estoppel by judgment arises.

While we are cognizant of the rule that a judgment binds the parties not only by what was actually pleaded in the former suit but by what might have been there pleaded (*Stanley v.*

*Dominy,* 196 Ga. 192, 193 (3) (26 SE2d 355), and, assuming without deciding, that the plaintiffs here might have also sued the defendant spouse in the former action to recover the insurance money paid, the rules governing res judicata do not compel one to join two separate causes of action in the same suit in order to escape the penalties of that doctrine (*Spence v. Erwin,* 200 Ga. 672, 673 (2) (38 SE2d 394)), and particularly would this be true where, as in the present case, the plaintiffs had a right to elect not to sue the defendant spouse but to bring an action against the insurance carrier, the defendant in the present suit. The trial court did not err in sustaining plaintiffs' demurrers to the plea of res judicata and striking the same. The case here, however, must be reversed for the error of the trial judge in overruling the demurrers to plaintiff's petition.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*