### 46733.   HAYES v. LAYTON et al.

HALL, Presiding Judge. Plaintiff in a quantum meruit action appeals from the grant of summary judgment to the defendants.

Plaintiff and the corporate defendant, through its authorized agent the individual defendant, executed a written contract under which plaintiff was to perform specified masonry work on a building which the defendant (general contractor) was constructing. Several months after he began the work, plaintiff was injured on the job and has apparently done nothing further in the way of performance. In this action for labor and materials furnished before his injury, plaintiff alleged that the contract had been abandoned. He contends upon appeal that there is a material issue of fact on the question of abandonment.

Defendant entered a plea of estoppel by judgment on this issue and offered in support the following evidence in proper documentary form: After his injury, plaintiff filed

a claim with the State Board of Workmen's Compensation in which he asserted that he was an employee of the defendant rather than an independent subcontractor. At the hearing, his testimony, as well as the thrust of his attorney's questions to other witnesses, was an attempt to show that the actual relationship of the parties had not been controlled by the terms of the contract—that there had been a mutual rescission or abandonment of the contract in favor of another relationship. Although recognizing certain variations from contract provisions concerning, e.g., payment procedures (variations which are not unusual in the trade) the board found as a matter of fact that at the time of the injury plaintiff was an independent subcontractor under the written contract between the parties. The award denying compensation was appealed and affirmed by both the superior court and the Court of Appeals which held that the evidence amply sustained the findings. See *Hayes v. Highlands Ins. Co.,* 121 Ga. App. 758 (175 SE2d 44).

We believe all the necessary elements of estoppel by judgment are present here and supported by evidence. See *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646). The issue of abandonment has been adjudicated between these parties and may not be raised again to sponsor another lengthy round of litigation.

With the written contract in force between the parties, their respective rights and liabilities are to be determined under its terms. Plaintiff can have no recovery in quantum meruit. *Ford v. Harden,* 94 Ga. App. 902 (96 SE2d 617); *Thomas McDonald & Co. v. Elliott,* 92 Ga. App. 409 (88 SE2d 440).

The court did not err in granting summary judgment to the defendants.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED JANUARY 7, 1972—DECIDED JANUARY 18, 1972—REHEARING DENIED FEBRUARY 8, 1972—

*William R. Parker,* for appellant.

*Greene, Buckley, DeRieux & Jones, Raymond H. Vizethann, Jr.,* for appellees.