51213. DELTA AIR LINES, INC. et al. v. WOODS.

PANNELL, Presiding Judge.

This is an appeal from the grant of partial summary judgment in favor of complainant-appellee suing upon a Family Care Disability & Service plan of Delta Air Lines, Inc., claiming total disability since January 31, 1973, when payments under the plan were terminated. The motion was made and based upon the contention that the finding of the Georgia State Workmen's Compensation Board that the plaintiff was "totally disabled," un-appealed from, operated as res judicata or estoppel by judgment as to such fact and was binding on the defendant

as to "total disability" under its contract with the complainant. The board's finding on February 20, 1974, was as follows: "Form 16 Agreement approved September 13, 1971, shows that claimant injured his back while lifting a box at work on September 1, 1970, and returned to work for periods thereafter until May 31, 1971, when compensation recommenced, that by Supplemental Agreement, approved April 24, 1972, parties stipulated claimant was able to return to work on January 3, 1972, at no loss in wages, and liability for temporary total disability ceased on that date.

"From all the evidence, the Full Board finds as a matter of fact that claimant has not worked since May 31, 1971; that his economic disability ceased on January 3, 1972, by reason of satisfactory arrangements being made with financial benefits provided by employer, satisfactory to claimant by which he received $116.00 per week not working; that by November of 1972, he was seeking to return to light work with employer and had medical clearance from Dr. Tutsch to do limited work, but none was available; that on or about January 10, 1973, his back condition worsened and *he was no longer, in the opinion of Dr. Tutsch, eligible for even limited work, and the Board finds that as of that date his economic disability changed to total disability, employer having terminated financial benefits also about that date.*

"The Board notes the contention of employer that claimant's back strain caused only a few weeks temporary disability and that any disability from his back thereafter is the result of a congenital akylose spondylitis, but notes that in claimant's sworn testimony that he had never experienced back trouble prior to his compensable injury and notes that Dr. Tutsch concedes that traumatic aggravation may contribute to it although he indicates he feels that it was a coincidence.

"From consideration of all the evidence, the Board finds that his physical disability of his back was contributed to by his compensable injury and that he had been totally disabled thereby since January 10, 1973, and is entitled to compensation at the rate of $50 per week since that date."

The hearing was had on December 20, 1973, and the

award of the full board was on February 11, 1974.

1. Appellee contends that the factual finding by the Workmen's Compensation Board constitutes an estoppel by judgment under the ruling of this court in *Hayes v. Layton,* 125 Ga. App. 433 (188 SE2d 149).

" 'A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.' Code § 110-501.

"(a) The rule just quoted states the doctrine of res judicata, and relates only to cases involving the same cause of action. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action. *Worth v. Carmichael,* 114 Ga. 699 (40 SE 797); *Draper v. Medlock,* 122 Ga. 234 (50 SE 113, 69 L.R.A. 483, 2 Ann. Cas. 650). In the latter case, there is an estoppel by the judgment only as to such matters as were necessarily, or as are shown to have been actually, adjudicated in the former litigation. *Scarborough v. Edgar,* 176 Ga. 574, 581 (168 SE 592); *Sumner v. Sumner,* 186 Ga. 390 (2) (197 SE 833)." *Spence v. Erwin,* 200 Ga. 672 (1) (38 SE2d 394).

Estoppel by judgment occurs only when the issue determined in the prior proceeding is the same as that in the subsequent proceeding. *Smith v. Wood,* 115 Ga. App. 265, 266 (154 SE2d 646); *Life &c. Ins. Co. v. Webb,* 112 Ga. App. 344, 348 (145 SE2d 63); *King Sales Co. v. McKey,* 105 Ga. App. 787 (125 SE2d 684).

The determination of total disability as found by the board under the workmen's compensation laws is a finding of total economic disability, which is the same as defined in the contract sued upon.

2. The cause of action not being the same, the question then remaining is whether the finding of fact in a workmen's compensation case is binding on the parties and their privies in a common law action on a contract in a court of law under the doctrine of estoppel by judgment.

The board "is not a court authorized to render judgments on contracts . . . since it merely determines the

amount of compensation and the time of payment in accordance with the Act. *City of Hapeville v. Preston,* 67 Ga. App. 350 (2) (20 SE2d 202); *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (47 SE2d 108); *Tillman v. Moody,* 181 Ga. 530, 531 (182 SE 906); *Lloyd Adams, Inc. v. Liberty Mut. Ins. Co.,* 190 Ga. 633 (10 SE2d 46)." *Fireman's Fund Ins. Co. v. Crowder,* 123 Ga. App. 469, 471 (181 SE2d 530).

The doctrine of res judicata or estoppel by judgment is usually applied to a court proceeding, or quasi judicial proceeding, and not to administrative bodies (50 CJS 27, § 603) except in the administrative proceeding itself, or in appeals therefrom, or in securing judgments in the superior courts upon an award of the workmen's compensation board. *South v. Indem. Ins. Co. of North America,* 39 Ga. App. 47 (146 SE 45); *City of Hapeville v. Preston,* 67 Ga. App. 350, 357, supra; *Hartford Acc. & Indem. Co. v. Camp,* 69 Ga. App. 758 (26 SE2d 679); *Maryland Cas. Co. v. England,* 160 Ga. 810, 812 (129 SE 75); *Home Acc. Ins. Co. v. McNair,* 173 Ga. 566 (161 SE 131).

It has been held generally that the finding of a fact by a court not having jurisdiction of the subject matter litigated in a subsequent action between the parties is not conclusive in the subsequent action. See Sanderson v. Niemann, 17 Cal. 2d 563 (110 P2d 1025) (1941); Hickman v. Hickman, 49 Del. 568 (121 A2d 689) (1956); Weller v. Weller, 14 Ariz. App. 42 (480 P2d 379) (1971); Loomis v. Loomis, 288 N.Y. 222 (42 NE2d 495) (1942); Brownell v. Union & Union New Haven Trust Co., 143 Conn. 662 (124 A2d 901) (1956); Gollner v. Cram, 258 Minn. 8 (102 NW2d 521). However, pretermitting any decision as to whether the fact finding of the workmen's compensation board is administrative or judicial, or whether the rules stated in the above out-of-state cases do or do not apply here, we prefer to place our decision upon another ground, and in so doing we must necessarily overrule the decision of this court in *Hayes v. Layton,* 125 Ga. App. 433, supra.

The basis of our determination is on constitutional grounds.

3. "The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain

inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial, or traverse jury, except in the superior court." Par. I, Sec. XVI of the Constitution of the State of Georgia (Code Ann. § 2-5101). This provision refers to right of trial by jury as it existed at time of adoption of the Constitution. *DeLamar v. Dollar,* 128 Ga. 57, 59 (57 SE 85). There is no contention here that a right of trial by jury, as guaranteed by our Constitution, does not exist in a common law action on a contract. Applying the ruling in *Hayes v. Layton,* 125 Ga. App. 433, supra, would deny the appellant a right of trial by jury in this action against it, and the doctrine of estoppel by judgment, if applicable, is ineffective against this constitutional requirement. See Rachal v. Hill, 435 F2d 59.

We find nothing in the record which indicates the appellant has waived a jury trial.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Evans and Stolz, JJ., concur specially.*

Argued October 8, 1975 — Decided January 29, 1976 — Rehearing denied February 18, 1976 — 

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Daryll Love, Robert Travis,* for appellants.
*William R. Parker,* for appellee.

Evans, Judge, concurring specially.

The majority opinion feels we should overrule a certain case in order to reach the opinion we have in this case. But the Supreme Court has recently rewritten the law and it now becomes unnecessary to overrule any previous decision in any case. Simply see that "justice" is done, and forget earlier cases which may contradict or contravene the decision being reached in the case before the court. "Stability must give way to justice." So, we mourn the passing of stare decisis but wonder whether the pallbearers were capable of bearing the weight of the deceased as they marched with it to the cemetery.

The late Charlie Bloch, for many years recognized as

one of the leading lawyers in Georgia, and who had as much to do with holding the Georgia Bar Association together as did any living man, writing in Georgia Bar Journal, issue of November, 1960, Volume 22, had these strong words to say as to the rule of stare decisis, quoting from and endorsing Judge Hutcheson of the Federal Bench: ". . . With respect to the doctrine of *stare decisis*— which gives some degree of certainty and continuity to the law, *that doctrine without which there is no rule of law but rule of men* who happen at a given time to be able authoritatively to expound their views, *and impose their will upon others."*

In *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839), our present Supreme Court of Georgia, or four of the seven members, has spit in the face of stare decisis, cast it aside, and thrown it out the window. What wisdom! What audacity! What whimsy!

STOLZ, Judge, concurring specially.

I concur in Division 1 of the majority opinion and Division 2, except that part which states the necessity of overruling *Hayes v. Layton,* 125 Ga. App. 433 (188 SE2d 149). I disagree with Division 3 in the application of the rule stated in *Hayes v. Layton* (which I believe has been misinterpreted) and in the decision of the case on constitutional grounds (which I believe is unnecessary).

In *Hayes v. Layton,* supra, the *award* of the State Board of Workmen's Compensation was made the *judgment* of the Superior Court of Fulton County and the *judgment* of the Court of Appeals of Georgia. Certiorari was denied by the Supreme Court. In this case, there is only an unappealed from *award* of the State Board of Workmen's Compensation. As pointed out in Division 2, this is not a judgment in the sense that allows the award to be used as a basis for sustaining pleas of res judicata or estoppel by judgment. Thus, there is no occasion to apply the rule stated in *Hayes v. Layton.* Since the sole basis for the plaintiff's motion for summary judgment is the estoppel by judgment contention, and that contention lacks merit, it follows that the trial judge erred in granting partial summary judgment on the question of disability. Moreover, a physical condition which could

constitute disability for workmen's compensation purposes might not be sufficient to do so under the provisions of an insurance policy or a "family-care plan," as is presented in this case. Thus, I reach the same result (reversal) as the majority, but by a different route and with fewer casualties (i.e., *Hayes v. Layton*).