31102. WOODS v. DELTA AIR LINES, INC. et al.

UNDERCOFLER, Presiding Justice.

This is a certiorari to the Court of Appeals in *Delta Air Lines, Inc. v. Woods,* 137 Ga. App. 693 (224 SE2d 763) (1976).

The essential facts are that the State Board of Workmen's Compensation in a claim against Delta found the plaintiff to be totally disabled; thereafter the plaintiff brought the present action to recover upon Delta's Family Care Disability and Service Plan; the trial court granted a partial summary judgment decreeing that plaintiff was totally disabled under the "Plan" because the award of the "Compensation Board" operated as res judicata or estoppel by judgment as to such fact.

The Court of Appeals reversed. It held that res judicata was not applicable here and that "estoppel by judgment, if applicable, is ineffective against" the Georgia constitutional right to trial by jury.

We vacate the Court of Appeals opinion but affirm its judgment of reversal for the reasons stated herein.

We hold that the doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workmen's Compensation on all questions of fact in matters in which it has jurisdiction. See Code § 114-710; *Jones v. American Mutual Liability Ins. Co.,* 48 Ga. App. 351, 353 (172 SE 600) (1933); *Noles v. National Engine Rebuilding Co.,* 119 Ga. App. 833 (169 SE2d 185) (1969).

The Georgia constitutional right to trial by jury is not applicable to the proceedings of the State Board of Workmen's Compensation. *Metropolitan Casualty Ins. Co. of N. Y. v. Huhn,* 165 Ga. 667, 671 (142 SE 121) (1927). Therefore, the denial of a jury trial does not render these doctrines of res judicata and estoppel by judgment as to facts ineffective. ". . . res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." *Brown v. Brown,* 212 Ga. 202, 204 (91 SE2d 495) (1956).

We agree with the Court of Appeals that the doctrine of res judicata is not applicable in the instant case because the cause of action on the "Plan" is different than the previous cause of action for workmen's compensation.

We find also that the doctrine of estoppel by judgment does not apply. The "Compensation Board" found the plaintiff totally disabled under the Workmen's Compensation Act. It did not decide directly, and in our opinion had no jurisdiction to decide, whether the plaintiff was totally disabled under Delta's "Family Care Disability and Service Plan."

*Hayes v. Layton,* 125 Ga. App. 433 (188 SE2d 149) (1972) is correct because the factual issue there had been previously decided directly by the "Compensation Board" in a matter in which it had jurisdiction. We note also that the award in *Hayes* had been affirmed by the superior court. "Such decree of the court shall have the same effect, and all proceedings in relation thereto shall, subject to the other provisions of this Title, thereafter be the same as though rendered in a suit heard and determined by said court." Code § 114-710.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 15, 1976 — DECIDED JULY 9, 1976 — REHEARING DENIED JULY 22, 1976.

*William R. Parker,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Daryll Love,* for appellees.