## 53643. COX ENTERPRISES, INC. v. GILREATH.

BANKE, Judge.

The appellee sued the appellant newspaper publishing company for libel. The appellant's motion for summary judgment, which was based on the ground that the statute of limitation barred the appellee's action, was denied. On interlocutory review, the appellant appeals the denial of its motion for summary judgment.

The appellee alleged to have been libeled in the November 13, 1974, issue[1] of the Atlanta Constitution. The November 13, 1974, issue of the Constitution was composed of four editions, released for sale to the public at

---

[1] Throughout this opinion the words "issue" and "edition" are used in a technical sense. In the field of journalism an *edition* of a newspaper is one of several printings of an *issue* of a daily paper for a single day. The

various times. These editions were: (1) The 3-Star edition first exposed to the public before 10 p.m., November 12; the 4-Star edition, which hit the streets around 12:30 a.m., November 13; the 5-Star edition, which was first exposed to the public at 2:30 a.m., November 13; and the Morning Street edition, which was released at approximately 3:30 a.m., November 13. Each edition contained the identical sentence which the appellee claims to be libelous, although each edition differed in other respects.

The appellee sued the appellant on November 12, 1975. The appellant pleaded the one year statute of limitation, Code § 3-1004 (as amended), claiming that the statutory time period began to run on November 12, 1974, the date of publication of the 3-Star edition of the November 13 Atlanta Constitution. We hold that the appellee's suit is not barred by the statute of limitation and that the trial judge properly denied the appellant's motion for summary judgment.

Under the English Common Law, every sale or delivery of each single copy of a newspaper was a distinct publication of the libel contained therein, and a separate basis for a cause of action. In Georgia, that rule was statutorily changed, and the "single publication rule" governs actions for libel. *Rives v. Atlanta Newspapers, Inc.,* 220 Ga. 485 (139 SE2d 395) (1964). Under the single publication rule, "one publication is only one libel, regardless of the times it was exposed to the view of different people, but each new printing of the paper and its exposure to public view constitutes a libel actionable at law under Code § 105-703." *Rives v. Atlanta Newspapers, Inc.,* supra, p. 487.

Although the publication of an issue of a newspaper consisting of only one edition would yield only one cause of action under the single publication rule of *Rives,* supra, we must determine whether an identical libelous statement in four editions of one issue creates four causes of action, or only one. We hold that there exists a separate

definition, applied here, would mean that the *issue* of the November 13, 1974, Atlanta Constitution was composed of four *editions.*

cause of action for each edition of a newspaper and, thus, the appellee had four causes of action.

In publishing a multi-editioned paper, as in the instant case, hours may elapse between the publication of different editions, and numerous changes may occur in the content of the different editions. In fact, the newspaper story containing the allegedly libelous statement differed in material respects in the various editions, although the libelous language remained the same. Although it did not happen in the case sub judice, it is possible that a person could be libeled in different ways in each separate edition. Thus, a cause of action must be afforded for each edition of a newspaper.

The appellant cited Belli v. Roberts Brothers Furs, 49 Cal. Rptr. 625 (Cal. App. 1966) in support of its contention that only one cause of action accrued by the publication of the multi-editioned issue of the Atlanta Constitution. However, Belli, supra, dealt with the construction of a California statute. Because Georgia has no equivalent statute, the California ruling does not affect the case at bar.

Nor is a different ruling required by Code Ann. § 105-720 (Ga. L. 1958, p. 54; 1960, pp. 198, 199) or *Paschal v. Georgian Co.*, 43 Ga. App. 195 (158 SE 372) (1931). The use of singular nouns in Code Ann. § 105-720, which deals with retractions of libelous statements, is not dispositive of the issue of what constitutes the publication of a libelous newspaper statement. *Paschal* does not state that only one cause of action exists for a libel published in a multi-editioned newspaper; *Paschal* merely says that the different editions may be construed together to explain an alleged libel by innuendo.

In the instant case, the appellee had four causes of action against the appellant newspaper company.[2] Although the appellee's cause of action which arose from the 3-Star edition is barred by the statute of limitation, suit was brought on the remaining editions of the November 13, 1974, issue of the Atlanta Constitution within the statutory period. Thus, it was not error to deny

---

[2] Under the doctrine of collateral estoppel, or estoppel

the appellant's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 29, 1977 — REHEARING DENIED MAY 13, 1977.

*Hansell, Post, Brandon & Dorsey, Albert G. Norman, Jr., G. Lee Garrett, Jr.,* for appellant.
*Tyrus R. Atkinson, Jr.,* for appellee.

---

by judgment, if more than one suit were brought by the appellee, a determination of fact made in the first suit to reach judgment would be binding on the court in the later suits. Therefore, a party claiming to be libeled could not keep retrying the issue until a satisfactory result was reached. *Spence v. Erwin,* 200 Ga. 672 (1)(a) (38 SE2d 394) (1946); *Ga. R. &c. Co. v. Wright,* 124 Ga. 596, 605-606 (53 SE 251) (1905).